OPINION
 

 WEINER, District Judge.
 

 Defendant Samuel J. Delia has been indicted on two counts, for the illegal possession of a 20-gauge, double-barrelled, sawed-off shotgun, in violation of the Firearms Act, which makes it a crime to possess such a weapon which has neither been registered, 26 U.S.C. §§ 5851, 5841, nor taxed, 26 U.S.C. §§ 5851, 5821.
 

 The gun in question was seized by the Philadelphia Police on January 27, 1967 while they were conducting a search of defendant’s house pursuant to a search warrant alleging that “paraphernalia pertaining to illegal lottery, horses and numbers” were being kept in defendant’s home at 2724 E. Somerset Street, Philadelphia, Pennsylvania. The police were admitted into petitioner’s house after Mr. Delia was shown the warrant. After searching the building for the gambling paraphernalia enumerated in the warrant,
 
 [1]
 
 the police discovered the instant sawed-off shotgun.
 

 Defendant has moved to suppress the evidence obtained during the search. He contends that the search warrant was unlawful for failure of the police to establish before the magistrate probable cause for its issuance. If petitioner is correct in his claim that no probable cause was established, then it must necessarily follow that the search warrant is without lawful foundation and that any evidence secured as a result of its use is inadmissible, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); accord, e. g., Burgett v. State of Texas, 389 U.S. 109, 114, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).
 

 In light of the view we take of this motion, the issue of probable cause is dis-positive of the case. For this reason we need address ourselves neither to petitioner’s other contentions nor to the effect on either count of this indictment of Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).
 

 After reproducing Officer Brennan’s affidavit in support of the search warrant he sought and obtained, we will discuss the four elements as constituting probable cause therefor.
 

 At the application before the magistrate, Officer Brennan related the following, in haec verba, as evidencing sufficient probable cause for the issuance of the search warrant:
 

 I Officer Wm Brennan #2753 Phila. Police Dept. in receipt of information from a previously reliable confidential
 
 *473
 
 informant thru whom I have made (6) arrests in the last (3) months and obtained (3) convictions in the last month that he was physicaly present when illegal lottery bets were transacted by the above named subject. I caused the records of Phila Police Dept to be checked and learned that the subject had a record of (17) arrests (14) arrests for gambling law violations beginning with 11-6-30 and last being 5-26-60 with (6) convictions resulting with fines/ As a result of this information survillance was set up on 1/12/66 and other days during the year 1966 There are several letters of complaint from persons who lived in the area of 2724 Somerset st which were forwarded to the Police Commissioner Office complainting about gambling operations in this address. As a result of the above information this warrant is requested/ During survillance no one was observed entering or leaving above address Informant stated that work is done over phone
 

 The four elements of this account relevant to the issue of probable cause may be categorized in the following manner.
 

 Confidential Informant
 

 Affiant Brennan’s first ground for requesting the warrant is hearsay evidence obtained from a confidential informant. Such information may be sufficient to establish probable cause for the issuance of a search warrant, where the informant has previously proved reliable, Jones v. United States, 362 U.S. 257, 268-269, 271, 272, 80 S.Ct. 725, 4 L. Ed.2d 697 (1960). In evaluating the reliability of the anonymous informant, as in passing on the persuasiveness of the other elements supporting probable cause, the magistrate must have before him information so probative and reliable that he may “perform his ‘neutral and detached’ function and not serve merely as a rubber stamp for the police,” Aguilar v. State of Texas, 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed.2d 723 (1964).
 

 In the instant case, affiant properly qualified his anonymous informant as having been “previously reliable”, supporting this conclusion with an indication of prior arrests and convictions obtained with the aid of this informant. Although informant himself was qualified, however, his personal observations of petitioner’s activities fall short of providing a “substantial basis for him to conclude that [gambling paraphernalia] were probably present” in petitioner’s house, contrary to the situation in Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).
 

 The affidavit in this case alleged only that informant
 

 was physicaly [sic] present when illegal lottery bets were transacted by the above named subject.
 

 It does not indicate further whether petitioner was taking, or placing, the bets. If he were only a player, since this activity is not illegal, such an allegation would not raise probable cause to search his house. The affidavit remains ambiguous on this point. At the later hearing on defendant’s motion to suppress, affiant on direct examination testified that the informant had told him that he had placed the bet with Mr. Delia,
 
 [2]
 
 although he could not honestly say that the informant had told him when or where.
 
 [3]
 
 As the Supreme Court noted in Aguilar, however,
 

 It is elementary that in passing on the validity of a warrant, the reviewing court may consider
 
 only
 
 information brought to the magistrate’s attention.
 

 Aguilar v. State of Texas, supra 378 U.S. at 109 n. 1, 84 S.Ct. at 1511. Since the affidavit was insufficient; and the magistrate failed to elicit more information from the affiant by questioning him, the information supplied by the confidential
 
 *474
 
 informant in itself failed to establish probable cause.
 

 Prior Police Record
 

 The affidavit next relates Police Department records of petitioner’s previous arrests and convictions for gambling violations.
 

 Assuming, arguendo, that the affidavit accurately reports the police record, and that the record is that of instant petitioner, the magistrate was still confronted with a history of brushes with the police that may have been current or stale, depending on dates never supplied. The affidavit avers that Mr. Delia was arrested seventeen times and convicted six times between 1930 and 1960. There being no indication as to the distribution of these arrests and convictions over this period, the magistrate could not have fairly concluded that there was a probable cause that petitioner was still engaged in 1967 in activities similar to those for which he had previously been arrested and convicted.
 

 This court is aware that compliance with over-technical requirements must not be expected of police officers seeking a search warrant, United States v. Ventresea, 380 U.S. 102, 108-109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); but there must be at least some evidence connecting the information acquired by the police and the suspected violation sought by a warranted search. Had the magistrate questioned the officer, he could have determined whether the record helped establish probable cause for gambling paraphernalia in petitioner’s home.
 

 Surveillance
 

 The affidavit next reports that during sporadic surveillance in 1966,
 

 no one was observed entering or leaving above address Informant stated that work is done over phone........
 

 Even assuming judicial notice properly taken that gambling operations take place by telephone, the above-described surveillance is probative of little more than a dearth of visitors or customers during the period surveilled. At the hearing before us Officer Brennan testified that the lack of customers to petitioner’s cheek-cashing business, which he transacted from the premises, led him to suspect that gambling operations by telephone were taking place, instead, inside.
 
 [4]
 
 Petitioner countered on cross-examination, however, that he cashed only group lots of payroll cheeks by previous appointment,
 
 [5]
 
 and during at least one of those periods of surveillance petitioner was allegedly out of the country.
 
 [6]
 
 Regardless of the merits of the respective explanations, the important point is that they were not elicited by the inquiry of a neutral and detached magistrate; and that without such elaboration the surveillance raised nothing probative of probable cause to search petitioner’s premises.
 

 Anonymous Letters
 

 The letters which purportedly complained that gambling operations were being conducted in petitioner’s residence are insufficient basis for probable cause. It is open to question whether the letters would be admissible without proof of the reliability of their authors. Even if they could have properly been considered by the magistrate, in this case they bear no weight because they were never shown to him. The averments as to the letters are at best double hearsay, and more probably triple hearsay, since there is no allegation that even their authors had first-hand knowledge of the alleged activities within petitioner’s premises, see Aguilar v. State of Texas, supra 378 U.S. at 113-114, 84 5. Ct. 1509; United States ex rel. Palladino v. Gable, 281 F.Supp. 69 at 71 (E. D.Pa.1968).
 

 None of the preceding four categories of averments contained in the affidavit in support of probable cause to search establishes such probable cause.
 
 *475
 
 None of these standing alone forms an adequate basis upon which the magistrate could have performed his nondelegable function of making an independent determination on this issue. All the circumstances, taken together, may sometimes supply probable cause where each one individually would fail, see Hernandez v. United States, 353 F.2d 624, 628 (9th Cir. 1965), cert. denied 384 U.S. 1008, 86 S. Ct. 1972, 16 L.Ed.2d 1021 (1966); Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Carroll v. United States, 267 U.S. 132, 161-162, 45 S.Ct. 280, 69 L.Ed. 543 (1925) (Taft, C. J.); United States v. Bianco, 189 F.2d 716, 720 (3d Cir. 1951) (Hastie, J.). In the instant case, however, the amalgam that emerges from the affidavit, unchallenged by the magistrate, falls short of “facts and circumstances . . . such as to warrant a man of prudence and caution in believing that” the paraphernalia named in the warrant were on the premises, pursuant to the approved standard, Locke v. United States, 7 Cranch 339, 3 L.Ed. 364 (1813) (Marshall, C. J.); quoted in Carroll v. United States, supra 267 U.S. at 161, 45 S.Ct. 280; Spinelli v. United States, 382 F.2d 871, 881 (8th Cir. 1967). See also United States ex rel. Rogers v. Warden, 381 F.2d 209, 220-221 (2d Cir. 1967).
 

 In summary, the affidavit at issue here failed to contain enough specific information to be grounds sufficient, without more, to raise probable cause to search petitioner’s premises for gambling paraphernalia. For convenient polar examples of a sufficiently detailed and an insufficiently vague affidavit,
 
 compare
 
 the one in United States v. Ventresea, supra at 112-116,
 
 with
 
 the information submitted by affiants in Aguilar v. State of Texas, supra 378 U.S. at 109 & n. 1, 84 S.Ct. 1509. Cf. United States ex rel. Palladino v. Gable, supra 281 F.Supp. at 71.
 

 While the information contained in the defective written affidavit could have been supplemented by further details elicited from affiant by judicious questioning by the magistrate, no step in this direction was taken. Had the magistrate properly exercised his active, neutral and detached function he could have discovered from Officer Brennan’s testimony, for example, as we did in this hearing, that petitioner was taking, not placing, bets; how recent were petitioner’s convictions ; and the pattern and hence probity of the surveillance. Absent this supplemental probing, no probable cause for a search could be raised by the insufficient affidavit.
 

 Of course, the inadmissibility of the evidence at issue here in no way affects petitioner’s guilt or innocence under law. In addition, had the warrant been proper, the police could have seized the shotgun not enumerated in the warrant, since such a seizure of an object in plain view by officers legally entitled to be in the position to have that view is legal, as it entails no
 
 search
 
 as such, Harris v. United States, 390 U.S. 234, 88 S. Ct. 992, 19 L.Ed.2d 1067 (1968) (per curiam); Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).
 

 Nor, it should be understood, does this court question the veracity of good faith of Officer Brennan; but only the manner in which the search warrant was issued. As noted above, the police officer might have been able to elaborate the basis he had for believing that probable cause existed to search petitioner’s premises for gambling paraphernalia; even could he have done so, however, he nonetheless failed adequately to set out such grounds in his affidavit. The magistrate, on his part, took the facts unquestionably as presented, and granted the warrant.
 

 This is contrary to the magistrate’s proper role, which is to assure an independent, neutral determination of the presence or absence of probable cause. This determination he could not have made on the facts presented to him. He did not attempt to go beyond these to see if a proper basis did indeed exist for issuing the warrant. Without this, in the situation before us, no probable cause
 
 *476
 
 was shown, the warrant and hence the search were both unlawful, and the evidence is therefore inadmissible.
 

 Petition to suppress is granted.
 

 It is so ordered.
 

 [1]
 

 . This search — lke the many previous ones in the same year 1967 — turned up no evidence of gambling activities.
 

 [2]
 

 . Notes of Testimony [N.T.] at the hearing on petitioner’s motion to suppress, September
 
 5,
 
 1967, at 12.
 

 [3]
 

 . N.T. at 9, 11, 12.
 

 [4]
 

 . N.T. at 28-29.
 

 [5]
 

 . N.T. at 73-75.
 

 [6]
 

 . N.T. at 70-71.