Allan Ramsey **RUTLEDGE**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 5819.

District of Columbia Court of Appeals.

Argued Sept. 28, 1971.

Decided Nov. 5, 1971.

---

1. Brief for Appellant at 6.

David M. Basker, Washington, D. C., for appellant.

William H. Schweitzer, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry, William A. White, and Charles J. Harkins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and REILLY, Associate Judges.

KERN, Associate Judge:

Appellant appeals from judgments of conviction of possessing hashish [1] and the implements of crime (narcotics paraphernalia) [2] for which he received suspended sentences. He asserts that the evidence of these crimes introduced against him at trial before the court sitting without a jury should have been suppressed because they had been seized from his apartment pursuant to an invalid search warrant issued by the United States Magistrate.

█ Specifically, appellant argues that the affidavit supporting the Government's application for the search warrant was insufficient because, while it contained ample evidence that he had sold hashish on his premises to a Government informant on more than one occasion, there was no allegation therein that the informant-purchaser lacked the written order form as required of a transferee of marijuana by the applicable statute.[3] Appellant contends that since the issuing magistrate was not furnished with proof of the hashish transfer

---

1. D.C.Code 1967, § 33-402.

2. D.C.Code 1967, § 22-3601.

3. The search warrant was issued on the basis of an alleged violation of 26 U.S.C. § 4742(a) which reads in pertinent part:

It shall be unlawful for any person * * * to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate.

without the order form, the magistrate could not properly have found probable cause to believe that 26 U.S.C. § 4742(a) was being violated on the premises.

We disagree. It has been held that proof of every element of an offense need not be furnished to a magistrate in order for a valid search warrant to be issued. *See, e. g.,* United States v. Conway, 217 F.Supp. 853, 858 (D.Mass.1962); Jones v. Commonwealth, 416 S.W.2d 342 (Ky.Ct.App.1967); Commonwealth v. Melvin, 256 S.W.2d 513, 514 (Ky.Ct.App.1953).[4] *But cf.* Silbert v. United States, 289 F.Supp. 318 (D.Md. 1968). Police officers seeking a search warrant are not legal technicians who are expected to comply with over-technical requirements of elaborate specificity once exacted under common law pleadings, Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741 (1965); United States v. Delia, 283 F.Supp. 470, 474 (E.D.Pa.1968). Rather, the officers are expected to allege in their supporting affidavit evidence connecting the information they have acquired with the suspected violation in a manner that would lead a reasonably prudent man to conclude that an offense has probably been committed, *see* Spinelli v. United States, *supra*; Coury v. United States, 426 F.2d 1354, 1356 (6th Cir. 1970); United States v. Delia, *supra*; United States v. Conway, *supra*.[5]

In view of the fact that probable cause deals with probabilities based upon factual and practical considerations in everyday life, Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); United States v. Bosch, 209 F. Supp. 15, 18 (E.D.Mich.1962), magistrates issuing search warrants are allowed to draw normal inferences from the facts alleged in the requesting officer's affidavits, United States v. Melville, 309 F.Supp. 829, 833 (S.D.N.Y.1970); United States v. Bell, 126 F.Supp. 612, 615 (D.D.C.1955), including inferences based upon the usual procedures of offenders of the statute in question, United States v. Bell, *supra* at 614; State v. Tanzola, 83 N.J.Super. 40, 198 A.2d 811 (1964).

In the instant case, the issuing magistrate was presented with a detailed affidavit which stated, among other things, that a police informant had purchased on several occasions from appellant on the latter's premises a substance which later proved to be hashish. We conclude that the magistrate could reasonably infer from such a statement that the alleged transfers were not made in pursuance of proper order forms under 26 U.S.C. § 4742(a). The affidavit as a whole revealed *several* violations by appellant of the federal and District of Columbia narcotics laws, and therefore it was certainly reasonable to infer that the appellant was not engaged in lawful transfers of hashish on the stated occasions pursuant to proper order forms under the statute in question. *See* Lerner v. United States, D.C.Mun.App., 151 A.2d 184, 187 (1959).

■ Appellant also complains that it was improper for the police to be permitted to search his apartment for hashish [6] in violation of § 4742(a), because he was an alleged

---

4. We note that (in the supporting affidavit set forth) in the appendix to the opinion in United States v. Ventresca, 380 U.S. 102, 112 et seq., 85 S.Ct. 741, 13 L.Ed. 2d 684 (1965), upholding the Government's search, several elements of the complex array of statutory offenses allegedly committed by the defendant were omitted from the affidavit submitted to the magistrate in support of the application for the warrant.

5. Some courts have held that it is unnecessary to recite a particular statutory section which has been violated, as long as there are allegations which support a finding of probable cause to believe an offense has been committed. *See, e. g.,* United States v. Averell, 296 F.Supp. 1004, 1014 (E.D.N.Y.1969).

6. The search warrant listed only hashish as the object of its search.

illegal transferor of that narcotic and the presence of hashish in his apartment would not prove that he had transferred it in the past or that he was selling it when the warrant was executed. Certainly, the presence of hashish in appellant's apartment would corroborate the informant's testimony as well as materially aid in establishing appellant's ability and intention of transferring hashish to others in violation of § 4742(a). *See* Warden v. Hayden, 387 U.S. 294, 306, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).[7]

For the reasons hereinbefore stated, these judgments are

Affirmed.

---

7. "[I]t is reasonable, within the terms of the Fourth Amendment, to conduct otherwise permissible searches for the purpose of obtaining evidence which would aid in apprehending and convicting criminals. * * *" [387 U.S. at 306, 87 S.Ct. at 1650.]