Commonwealth *v.* Staley, Appellant.

Submitted December 5, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Leonard Sosnov* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James T. Ranney* and *David Richman,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., June 21, 1974:

Appellant was tried before The Honorable Robert TREMBATH sitting with a jury and on December 4, 1972, was found guilty of forcible rape. On June 19, 1973, he appeared before The Honorable Ethan Allen DOTY for sentencing. No objection was made to this substitution of judges.[1]

At the sentencing hearing it appeared that on November 30, 1972, appellant had pleaded guilty to another charge of forcible rape, and that on April 9, 1973, The Honorable Robert W. WILLIAMS, Jr., had sentenced him to a term of 18 months to five years. Before imposing sentence, Judge DOTY indicated to appellant's counsel that he was going to impose a more severe sentence because appellant had not pleaded guilty when before Judge TREMBATH, as he had when before Judge WILLIAMS, but instead had chosen to go to trial: "THE COURT: Mr. Mandracchia, I am aware that Judge Williams gave him only eighteen months minimum to five years. On the other hand, that was a guilty plea. This

---

[1] Whether the substitution was proper will therefore not be considered now. *Commonwealth v. Rhoads,* 227 Pa. Superior Ct. 197, 323 A. 2d 249 (1974).

was a trial. I am disposed to give him a larger minimum in this case because it was a trial. Do you understand?"[2]

Judge DOTY then sentenced appellant to a term of two and one-half to five years, to run concurrent with the sentence imposed by Judge WILLIAMS. Thus appellant's maximum term was not increased, but his parole eligibility was delayed for one year.

Although we do not believe that candor should be held against a judge, the quoted remark was improper and requires that appellant be resentenced. "An accused cannot be punished by a more severe sentence because he unsuccessfully exercised his constitutional right to stand trial rather than plead guilty. *See* Thomas v. United States, 368 F. 2d 941 (5th Cir. 1966); United States v. Martell, 335 F. 2d 764 (4th Cir. 1964); United States v. Wiley, 278 F. 2d 500 (7th Cir. 1960)." *Baker v. United States,* 412 F. 2d 1069, 1073 (5th Cir. 1969). *See also United States ex rel. Starner v. Russell,* 260 F. Supp. 265 (M.D. Pa. 1966) ("I think, Mr. Stuart [defense counsel], that you and your client are both aware that this court has always extended leniency on pleas of guilty that is not extended when people take their chances upon a trial.").

The District Attorney correctly points out that a plea of guilty may be a proper factor for a judge to consider in deciding whether to give a more lenient sentence. It does not follow that the converse is true. A plea of not guilty or a demand for a jury trial are not factors that a judge should consider in deciding whether to give a more severe sentence.

---

[2] The transcript of the sentencing hearing before Judge DOTY is missing from the official record of this case. This quotation occurs in appellant's brief and is conceded to be correct in a letter filed by the Philadelphia District Attorney's office in lieu of a brief. Also, personnel of this court have examined a photostatic copy of the transcript in the possession of the District Attorney's office.

The implicit justification for the practice adopted in this case is that a guilty plea somehow indicates that the defendant is already on the road to rehabilitation, and therefore lenience is in order. However, as Chief Judge BAZELON has said: "Repentance has a role in our penology. But the premise of our criminal jurisprudence has always been that the time for repentance comes after trial. The adversary process is a fact-finding engine, not a drama of contrition in which a prejudged defendant is expected to knit up his lacerated bonds to society." *Scott v. United States*, 419 F. 2d 264 (D.C. Cir. 1969). The opinion in *Scott* goes on to point out that the practice is not only unconstitutional but may not have the logical basis generally assumed: "[W]ith the inducement of a lighter sentence dangled before him, the sincerity of any cries of *mea culpa* becomes questionable. Moreover, the refusal of a defendant to plead guilty is not necessarily indicative of a lack of repentance. A man may regret his crime but wish desperately to avoid the stigma of a criminal conviction."[3] *Id.* at 271.

The sentence is vacated and the case is remanded for resentencing.

JACOBS, J., dissents.

WRIGHT, P. J., and SPAULDING, J., took no part in the consideration or decision of this case.

---

[3] In fact, a colorable argument can be made that a glib willingness to admit guilt in order to "secure something in return" may indicate quite the opposite of repentance, and that a reluctance to admit guilt may reflect repentance. *See* Alschuler, The Prosecutor's Role in Plea Bargaining, 36 U. Chi. L. Rev. 50, 57 n.24 (1968). [Footnote in original.]