366 A.2d 262

**COMMONWEALTH of Pennsylvania**

v.

**Gerald BETHEA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 1, 1976.

Decided Nov. 22, 1976.

Application for Allocatur Granted Jan. 31, 1977.

Dusan Bratic, Philip D. Freedman, Harrisburg, for appellant.

Marion E. MacIntyre, 2nd Asst. Dist. Atty., Harrisburg, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On January 5, 1973, at approximately 7:00 P.M., appellant and two other men entered an A & P Supermarket in Harrisburg, and, while robbing the place, engaged in a shoot-out with a security guard, one Leonard Middleton. The manager of the store, Gerald Light, was wounded in the right wrist and left leg, and appellant was shot in the chest. Although numerous shots were fired, and at least twenty adults and several children were in the store at the time, no one else was injured. Appellant left the store aided by several of the robbers and went to Polyclinic Hospital where he was treated for the gunshot wound. Pursuant to a phone call from the hospital, Robert Miller of the Harrisburg police visited appellant in the intensive care unit of the hospital, advised appellant of his rights, and questioned him about the robbery. Appellant admitted at that time, and on several subsequent occasions, to participation in the robbery, and stated that a gun found during a search of his car had been carried by him during the robbery. Appellant was tried on October 3–4, 1973, before a judge and jury, was found guilty of aggravated robbery, assault with intent to maim, and unlawful carrying of firearms,

and was sentenced to concurrent prison terms of ten to twenty years, two and one-half to five years, and one and one-half to three years. No post-trial motions were filed. Appeal was taken to our Court from the judgment of sentence, with appellant raising two issues, neither of which merits a reversal.

Appellant first argues that he was not effectively represented by trial counsel, since trial counsel failed to follow up on appellant's pro se motion to suppress the results of an allegedly-illegal pre-trial confrontation. The test for effective assistance of counsel is well established: "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). In the case before us, the confrontations complained about involved the police taking several of the people who had been in the A & P at the time of the robbery to the hospital "to see if this was the same person that was in the store." In view of the fact that the prosecution had available, and in fact did call at trial, at least one witness who had not seen appellant in the hospital, and considering that appellant, after proper *Miranda* warnings, on two separate occasions admitted to a police officer that he had taken part in the robbery in question, appellant's counsel could very well have determined that it would be futile to pursue the suppression issue. Trial counsel is not required to raise issues which are obviously without merit. *Commonwealth v. Learn,* 233 Pa.Super. 288, 335 A.2d 417 (1975). At trial, appellant took the stand and testified that he was in the store at the time of the robbery but stated that he was there only as a customer. Appellant denied that he had admitted to a police officer that he had participated in the robbery. Appellant's trial counsel could very well have concluded that the best possible

strategy would be to attempt at trial to raise doubt as to whether appellant was actually a *participant* in the robbery. We find that the course chosen by counsel did have a reasonable basis designed to effectuate appellant's interests.

■ Appellant's second argument is that the trial judge unconstitutionally based sentence on appellant's refusal to plead guilty. At the time of sentencing, the lower court made the following remarks:

> THE COURT: Well Gerald, it's a great shame, but you are going to learn in life that you have a responsibility for your actions, and it is not only your interests that have to be taken into account but it is the interest of the community. This was, as I say, an aggravated crime. As far as I'm concerned, even though it is your first offense I think substantial punishment must be inflicted here. If you had pled guilty, perhaps you were involved, there is no question in my mind, but had you pled guilty it might have shown me the right side of your attitude about this, but you pled not guilty, fought it all the way, and the jury found you guilty, and I'm going to sentence you at this time.

The sentence of the Court is that the defendant pay the cost of prosecution and that he undergo imprisonment in a state institution for a period of not less than ten nor more than twenty years to begin and be computed from January 27, 1973. That's in No. 236 Criminal Division 1973.

In No. 237 Criminal Division 1973 where the defendant was convicted of assault with intent to maim, we direct that he pay the cost of prosecution and that he undergo imprisonment for a period of two and a half to five years, said sentence to be concurrent with the sentence already imposed in 236 Criminal Division 1973.

In No. 238 Criminal Division 1973 where the defendant was convicted of unlawful carrying of firearms, I think the penalty there is three years, is it not?

MR. DILS: Yes, Your Honor.

MR. SEDOR: Yes, Your Honor.

THE COURT: The sentence of the Court is that the defendant undergo imprisonment in a state institution for a period not less than one and a half nor more than three years to run concurrent with the sentence imposed in No. 236 Criminal Division 1973.

Now, Gerald, you could have received a sentence of fourteen to twenty-eight years in this crime. I have sentenced you to ten to twenty. I didn't give you the maximum because of your age and the fact that you had a good prior record, but because of the seriousness of this crime and the ever present threat of robberies in this city, which have been occurring here for several years, we are going to serve notice by this case that that sort of thing isn't going to be tolerated.

In *Commonwealth v. Staley*, 229 Pa.Super. 322, 324 A.2d 393 (1974), our Court vacated a sentence and remanded for resentencing when the sentencing judge indicated that he was going to impose a more severe sentence because the defendant had chosen to stand trial rather than plead guilty: " 'The Court: Mr. Mandracchia, I am aware that Judge Williams gave him only eighteen months minimum to five years. On the other hand, that was a guilty plea. This was a trial. I am disposed to give him a larger minimum in this case because it was a trial.' " 229 Pa.Super. at 323–24, 324 A.2d at 394. On the other hand, in *Commonwealth v. Hill*, 223 Pa.Super. 42, 296 A.2d 860 (1972) our Court affirmed the judgment of sentence although the trial judge had made a remark which indicated that he might have based sentence on appellant's refusal to admit guilt. Our Court found in *Hill* that the lower court had not based sentence exclusively on the defendant's refusal to admit guilt, but rather found that the court had reviewed all the factors which are appropriate for consideration before sentencing. In the case before us, the remarks of the trial

judge indicate that he based the sentence on the violent nature of the crime and the fact that appellant had shown no sense of remorse. As we interpret the trial court's remarks, proper consideration was given to all relevant factors, and appellant was properly sentenced.

Judgment of sentence affirmed.

HOFFMAN, J., files a dissenting opinion in which SPAETH, J., joins.

SPAETH, J., files a dissenting opinion in which HOFFMAN, J., joins.

SPAETH, Judge (dissenting):

The first issue is whether appellant's trial counsel was ineffective. We may consider this issue, since appellate counsel is different from trial counsel. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). We should not, however, decide it unless the record is plain; if it is not plain, we should remand for an evidentiary hearing. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975). Since here the record is not plain, we should remand.

Appellant filed a *pro se* motion to suppress. The Commonwealth replied by filing a request for a more specific motion. Appellant's trial counsel, however, never filed a more specific motion. It is not plain from the record why he did not, which is to say, it does not appear that his failure to file a more specific motion "had some reasonable basis designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

The majority suggests that counsel "could very well have concluded that the best possible strategy would be to attempt at trial to raise doubt as to whether appellant was actually a *participant* in the robbery." At 243 Pa. Super. 497–498, at 264. Granted. However, I do not see

how failing to file a motion to suppress could effectuate this strategy.

The majority also suggests that "counsel could very well have determined that it would be futile to pursue the suppression issue." At 243 Pa.Super. 497, at 264. It is not, however, clear to me why the majority thinks it would have been futile. The majority refers to appellant's admissions to the police that he has taken part in the robbery. At trial appellant denied these admissions. It was therefore necessary for the jury to appraise appellant's credibility. It seems at least possible that counsel would have been able to present appellant to the jury in a more favorable light, had he pressed and succeeded on the motion to suppress. Perhaps not. I submit, however, that there should be an evidentiary hearing to determine first, whether the motion would have been futile, and second, if not, whether even if successful, it would have helped appellant.

The second issue is whether the sentence was designed to punish appellant for exercising his right to a jury trial. The majority says that "the remarks of the trial judge indicate that he based the sentence on the violent nature of the crime and the fact that appellant had shown no sense of remorse." At 243 Pa.Super. 499–500, at 265. I agree that the judge's remarks indicate that he did consider these factors. The question, however, is whether these are the only factors he considered, and it is plain that they are not. In discerning a person's intention, one does not consider only some of his remarks but all of them. This is particularly so when the person is a judge, who because he is a judge will be held to mean what he says. *Cf. Commonwealth v. Oglesby*, 438 Pa. 91, 263 A.2d 419 (1970) (judge says, "I could have decided it, perhaps, either way"; held, statement showed judge had reasonable doubt, and new trial awarded). Here,

the judge said, in addition to the remarks the majority quotes:

If you had pled guilty, perhaps you were involved, there is no question in my mind, but had you pled guilty it might have shown me the right side of your attitude about this, but you pled not guilty, fought it all the way, and the jury found you guilty, and I'm going to sentence you at this time.

Anyone hearing this would know that appellant was about to receive a stiffer sentence than he would have had he not "fought it all the way." The ensuing sentence was therefore invalid. *Commonwealth v. Staley,* 229 Pa.Super. 322, 324 A.2d 393 (1974).

I agree with the majority, and share its desire, that appellant should receive a stiff sentence. However, we do no service to justice when from a desire to see a defendant get his just deserts, we ignore what common sense tells us is the plain meaning of what the trial judge, or a witness, or the legislature, has said. The law depends for its life on language; it can only be expressed in words. When we ignore the plain meaning of words, we ignore the law.

The judgment of sentence should be vacated, and the record remanded for an evidentiary hearing on whether counsel was ineffective.

HOFFMAN, J., joins in this opinion.

HOFFMAN, Judge (dissenting):

Appellant contends that the lower court unconstitutionally based sentence on his refusal to plead guilty and his demand for a jury trial. For reasons stated in my dissenting opinion in *Commonwealth v. Riggins,* 232 Pa. Super. 32, 332 A.2d 521 (1974), I would remand for resentencing.

Appellant pleaded "not guilty" in the court below to charges of aggravated robbery and related offenses, and demanded a jury trial. After the jury rendered a ver-

dict of guilty, the lower court stated, "If you had pled guilty . . . there is no question in my mind, but had you pled guilty it might have shown me the right side of your attitude about this, but you pled not guilty, fought it all the way, and the jury found you guilty, and I'm going to sentence you at this time". From a maximum possible sentence of fourteen to twenty-eight years, the lower court sentenced appellant to ten to twenty years, although appellant had no prior record.

The remarks of the trial judge clearly indicate that the severity of the sentence imposed was based in part on appellant's refusal to plead guilty, and the exercise of his constitutional right to demand a jury trial.

This Court has recently held that "[a] plea of not guilty or a demand for a jury trial are not factors that a judge should consider in deciding whether to give a more severe sentence." *Commonwealth v. Staley*, 229 Pa.Super. 322, 324 A.2d 393, 395 (1974).

The judgment of sentence should be vacated and the case remanded for resentencing.

SPAETH, J., joins in this dissenting opinion.