393 A.2d 696

**In re Randy Allen BURTON and Paul H. Burton, minors, Appellants.**

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Decided Oct. 20, 1978.

Richard H. Milgrub, Asst. Public Defender, Clearfield, for appellants.

Thomas F. Morgan, District Attorney, Clearfield, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The sole issue raised by this appeal is whether the facts recited in an affidavit in support of a search warrant were sufficient to establish probable cause. Specifically, it is asserted that probable cause was lacking due to the affidavit's failure to set forth sufficient underlying circumstances from which the issuing authority could independently determine that the affiant's informer was credible or his information reliable. We agree.*

Appellants, who are both juveniles, were adjudicated delinquent on the basis that they were responsible for the theft of a set of cymbals from the Curwensville Area High

---

* The Commonwealth advises that it shares this opinion and, consequently, has elected not to file a brief.

School. The cymbals were seized from their home pursuant to a search warrant. The warrant was applied for by the Chief of Police of Curwensville Borough who, in the affidavit section of the application, stated as follows:

"This affiant has received information from a confidential informant that the informant has personally seen the above items at the residence located at 415 Scofield Street, Curwensville, Pa. on May 9, 1976. The above cymbals resemble and are the same make as those recently taken from Curwensville Area Schools. *This affiant believes the information to be reliable because the informant has nothing to gain by informing. The family of the informant are noted upstanding citizens of the community.* (Emphasis added).

In *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and, as explicated in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the United States Supreme Court set forth a two-pronged test to be applied by the issuing authority when probable cause is alleged to exist on the basis of information supplied by a confidential informant. As Mr. Justice Goldberg wrote:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, . . . the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, . . . was 'credible' or his information 'reliable.'" *Aguilar v. Texas*, supra, 378 U.S. at 115, 84 S.Ct. at 1514. (Footnote omitted.)

In other words, when evaluating hearsay information in a probable cause context, the issuing authority must be informed of the underlying circumstances from which the *informant* concluded that the contraband or evidence is located at certain premises; and, in addition, the basis from which the *affiant* concluded that the informant was credible

or his information reliable. *Commonwealth v. Davis*, 466 Pa. 102, 351 A.2d 642 (1976); *Commonwealth v. Frye*, 242 Pa.Super. 144, 363 A.2d 1201 (1976); *Commonwealth v. Slater*, 242 Pa.Super. 255, 363 A.2d 1257 (1976). As previously indicated, we find the instant affidavit constitutionally defective in that it failed to supply the issuing authority with sufficient information to independently determine that the informant was credible or that his information was reliable on this occasion.

In *Commonwealth v. Ambers*, 225 Pa.Super. 381, 386, 310 A.2d 347, 350 (1973), we identified four factors to be considered by the magistrate who must decide whether the second prong of the *Aguilar-Spinelli* test has been satisfied: "(1) Did the informant give prior reliable information? (2) Was the informant's story corroborated by any other source? (3) Were the informant's statements a declaration against interest? (4) Does the defendant's reputation support the informant's tip?" See also *Commonwealth v. Reisinger*, 252 Pa.Super. 1, 380 A.2d 1250 (1977); *Commonwealth v. Herron*, 243 Pa.Super. 319, 365 A.2d 871 (1976); *Commonwealth v. Kaschik*, 235 Pa.Super. 388, 344 A.2d 519 (1975); *Commonwealth v. Falk*, 221 Pa.Super. 43, 290 A.2d 125 (1972). It is not necessary that all four factors be present before the warrant may issue. *Commonwealth v. Herron*, supra; *Commonwealth v. Ambers*, supra. Nor will the absence of any of these factors automatically preclude a finding that a substantial basis exists for crediting the hearsay. *Commonwealth v. Reisinger*, supra. In the case at bar, however, the affidavit fails to supply sufficient circumstances to support either the informant's credibility or the reliability of his information.

To reiterate the affidavit provides in pertinent part: "This affiant believes the informant to be reliable because the said informant has nothing to gain by informing. The family of the informant are noted upstanding citizens of the community." With respect to the last sentence, it is patently clear that the community standing of the unidentified informant's family is, standing alone, of little or no rele-

vance to the magistrate whose function is to decide whether the informant (not his family) is credible or is furnishing reliable information. Nor is the magistrate aided by the unadorned statement that the informant has nothing to gain by supplying the tip. Not only is the affidavit silent as to what is the informant's interest in this matter, it is also devoid of any information for the magistrate to independently determine whether the informant's interests would or would not be served by supplying the tip.

The court below, however, while conceding that the first three factors set forth in *Ambers*, supra, were not present, was of the opinion that the fourth factor was applicable. That is, the court found that one of the juvenile's reputation was such that it supported the informant's tip. The obvious difficulty with this analysis is that the affidavit does not mention the juvenile's reputation. In other words, the magistrate who is confined to review of the affidavit only, Pa.R.Crim.P. 2003(a); *Commonwealth v. Wilds*, 240 Pa.Super. 278, 362 A.2d 273 (1976); was not apprised of the juvenile's prior record or reputation. Cf. *Commonwealth v. Herron*, supra. Thus, the magistrate was not presented with any underlying circumstances to support the affiant's conclusion that his informant was reliable.

Lastly, we note our disagreement with the lower court's conclusion that the affiant supplied the magistrate with all the information he could concerning reliability, and that to suppress the evidence would be tantamount to penalizing the affiant simply because his informant had no prior contact with the police. A review of the record reveals that the "confidential informant" testified at the suppression hearing and stated that he was in fact a classmate and friend of the appellants, and he observed the stolen cymbals at the appellants' home after having been invited there to play their drums. Thus, he was not a regular paid police informant, but simply a private citizen who reported information regarding a crime. Regrettably, the affidavit does not mention this and therefore it could not have been considered by the issuing authority. Pa.R.Crim.P. 2003(a); *Commonwealth v. Wilds*, supra. Nevertheless, we note that had the

affiant included this information in the affidavit along with any other facts negating a motive to falsify or, of course, any corroborative indicia of reliability, then the stringent tests of *Aguilar-Spinelli* would have most likely been satisfied. See *Commonwealth v. Heyward*, 248 Pa.Super. 465, 375 A.2d 191, n. 2 (1977); *Commonwealth v. Cosby*, 234 Pa.Super. 1, 6, 335 A.2d 531 (1975) and cases cited therein. In sum, as we recently stated: "Of course, there is always a first time. The police need not discourage a citizen who comes forward with information for the first time. But merely to accommodate the informant, the police are not exempted from testing the reliability of the information." *Commonwealth v. Slater*, supra, 242 Pa.Super. at 258, 363 A.2d at 1258.

Finding of delinquency reversed and case remanded.

VAN der VOORT, J., concurs in the result.

PRICE, J., dissents.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.