399 A.2d 1106

**COMMONWEALTH of Pennsylvania**

v.

**Herman ALBERT, Appellant.**

Superior Court of Pennsylvania.

Argued April 14, 1978.

Decided March 16, 1979.

Stephen J. Zivic, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

This is an appeal from a sentence of three to twenty-three months in prison and a $500 fine for possession of marijuana[1] and a concurrent sentence of three to twenty three months in prison for possession of liquid hashish.[2]

On May 10, 1976, police officers in Pittsburgh arrested appellant after they had searched his home and discovered controlled substances there. The search occurred pursuant to a warrant issued on the same day. The affidavit in support of the warrant stated:

1. "The Controlled Substance, Drug, Device and Cosmetic Act," § 13(a)(16), 35 P.S. § 780–113(a)(16) (Purdon's 1977).

2. *Id.*

Received information from a reliable informant who has proved reliable in the past which resulted to the arrest and seizures of narcotics and dangerous drugs, that Al Herman [sic] at 916 Valonia St., is concealing and selling narcotics from this residence. This informant with an acquaintance enter this residence in the week of May 7 to 9, 1976 and this acquaintnace [sic] bought from Al several bags of marihuana. This informant stated that pills and tablets were observed at this time in vials and were offered for sale by Al but were refused by this acquaintance. This informant has proven reliable in the past which resulted to the arrest of Richard Caputo at 1532 Methyl St., on 3/17/75 were [sic] marihuana and dangerous drugs were seized, and to the arrest of James Frena at 5435 Claybourne St., on 4/22/75 were [sic] marihuana was seized.

Appellant's motion to suppress the evidence seized as a result of the search was denied. He was subsequently convicted by a jury of possession of marijuana and liquid hashish, but was acquitted of possession of marijuana with intent to manufacture or deliver it. At the sentencing hearing, the presiding judge made the following comments:

THE COURT: Now, the testimony in the case that I tried indicated that the defendant had in his home one and a half pounds of Marijuana and Liquid Hashish. As I remember the testimony, and I think I'm correct, there was also a scale in his home. That was part of the evidence which indicates to the Court that this man was probably dealing.

MR. ZIVIC: Your Honor, I would have to object to that.

THE COURT: You can object to anything you want.

MR. ZIVIC: He was clearly found innocent of the count of possession with intent to deliver.

THE COURT: All right, but there was a scale found in his house.

MR. ZIVIC: The record will reveal that, Your Honor, but clearly, to make any inference on the charge he was exonerated on—

THE COURT: All right.

MR. ZIVIC: —we must object on the record.

THE COURT: Object on the record. He had one and a half pounds of Marijuana in his house, which indicates to the Court that he had this in his possession—regardless of that, he had this in his possession for something else other than merely using it. I think I have a right to draw that inference, which I am drawing.

In addition to that, there was Liquid Hashish found in his house, and he admitted that it was his.

Now, this prior record of his is not a very serious one, of course, but it indicates that he has been in trouble from time to time. The Court has to take all this into consideration. . . ..

On appeal appellant argues that the lower court erred in denying his motion to suppress; that the evidence was insufficient to convict him of any crime other than possession of marijuana; and that the sentences were unjust because the sentencing judge considered his as a "man [who] was probably dealing," even though the jury had acquitted him of that offense.

Appellant argues that his motion to suppress should have been granted because the affidavit in support of the search warrant was insufficient in two respects: the information received from the informant was stale; and there was not enough information about the informant to show his reliability.

It is axiomatic that stale information cannot supply the probable cause necessary to support the issuance of a search warrant. *See Commonwealth v. Jackson,* 461 Pa. 632, 337 A.2d 582 (1975), *cert. denied,* 423 U.S. 999, 96 S.Ct. 432, 46 L.Ed.2d 376 (1975); *Commonwealth v. Simmons,* 450 Pa. 624, 301 A.2d 819 (1973). Here, however, the information was not stale. The affiant wrote that the informant had visited appellant's house "in the week of May 7 to 9, 1976", and observed the sale of controlled substances. Reading this

with the "common sense of the magistrate" in mind, *Commonwealth v. Greco,* 465 Pa. 400, 406, 350 A.2d 826, 829 (1976), we may assume that the visit probably occurred between May 7 and 9. If we resolve this probability in appellant's favor, and assume that the visit occurred on May 7, *cf. Commonwealth v. Novak,* 233 Pa.Super. 236, 335 A.2d 773 (1975), still, the information gained as a result of the visit would not be too stale to justify a search on May 10.

■ With respect to the informant's reliability, this court has pointed to four factors that the magistrate should consider: "(1) Did the informant give prior reliable information? (2) Was the informant's story corroborated by any other sources? (3) Were the informant's statements a declaration against interest? (4) Does the defendant's reputation support the informant's tip?" *Commonwealth v. Ambers,* 225 Pa.Super. 381, 386, 310 A.2d 347, 350 (1973); *see also In re Burton and Burton,* 259 Pa.Super. 20, 393 A.2d 696 (1978). In *In re Burton and Burton, supra,* however, we made it clear that all four factors need not be present to show reliability, and went so far as to say that the absence of all four factors will not automatically preclude a finding "that a substantial basis exists for crediting the hearsay." 259 Pa.Super. at 22, 393 A.2d at 697.

■ Here, in holding that the magistrate had sufficient information to find the informant reliable, the lower court relied on the affiant's statement that previous information from the informant had led to two arrests in which dangerous drugs were seized. Appellant states that "An informant's reliability should be established by arrests and convictions resulting from his information". In support of this proposition he cites *United States v. Delia,* 283 F.Supp. 470 (E.D.Pa.1968); *Commonwealth v. Soychak,* 221 Pa.Super. 458, 289 A.2d 119 (1972); *Commonwealth v. Kline,* 234 Pa.Super. 12, 335 A.2d 361 (1975); *Commonwealth v. Williams,* 236 Pa.Super. 184, 345 A.2d 267 (1975). We have

reviewed these cases and do not believe that they stand for so broad a proposition. Indeed, in *Commonwealth v. Archer,* 238 Pa.Super. 103, 109, 352 A.2d 483, 486 (1975), which appellant also cites,[3] we stated that "there is no logical reason for mandating that all information lead to convictions before reliability is established." In *Commonwealth v. Hughes,* 219 Pa.Super. 181, 185, 280 A.2d 556, 559 (1971), we found the informant reliable because his information had led to "three prior successful arrests and seizures." In *Commonwealth v. Dial,* 218 Pa.Super. 248, 252, 276 A.2d 314, 317 (1971), *modified on other grounds,* 445 Pa. 251, 285 A.2d 125 (1971), we said that the fact the informant had provided information that had resulted in two prior arrests and seizures of drugs would "justify an independent finding of reliability." We believe that *Hughes* and *Dial* control the present case, and therefore conclude that the lower court did not err in finding the informant here reliable.

■ Appellant's second argument is more compelling. He claims that he should not have been convicted of possessing both marijuana and liquid hashish because the only evidence supporting the charge of possession of hashish was "a bottle marked marijuana, containing suspected hashish oil." Record at 11, 13. The Commonwealth initially conceded that appellant's argument was valid and suggested that the case be remanded for resentencing. It later filed a supplemental brief, however, in which it stated that appellant's argument should be construed as attacking the legality of being sentenced twice for the same offense, and that since this argument had not been raised at the trial level, it had been waived. The Commonwealth's construction of appellant's argument is not helpful; its initial construction was correct. Appellant is not complaining of being *sentenced* twice but of

**3.** Professional honor requires citation of a case opposed to a proposition that counsel is advancing. *A.B.A. Code of Professional Responsibility,* Ethical Consideration 7–23 (1969). It is a source of regret that not all counsel are so punctilious, and therefore, a source of pleasure that here counsel was.

being *convicted* twice, and the basis of his complaint is that the Commonwealth's proof of his possession of liquid hashish was insufficient. Since appellant raised the issue of sufficiency in his post-trial motions, he did not waive this argument.

We shall therefore vacate the judgment of sentence for possession of liquid hashish but affirm the judgment of sentence for possession of marijuana, and remand the case to the lower court for resentencing. *See generally Commonwealth v. Lockhart,* 223 Pa.Super. 60, 296 A.2d 883 (1972). When imposing the sentence the sentencing judge will be obliged to state the reasons for the sentence. *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977). These reasons must show that the judge has taken into account not only the nature of the offense but appellant's individual characteristics. *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976). In appraising appellant's characteristics, the judge may not treat appellant as a dealer in marijuana, since appellant was found not guilty of that offense. *See Commonwealth v. Tisdale,* 233 Pa.Super. 77, 83, 334 A.2d 722, 725 (1975) (SPAETH, J., concurring and dissenting opinion); *cf. Commonwealth v. Bethea,* 243 Pa.Super. 494, 366 A.2d 262 (1976), *vacated* 474 Pa. 571, 379 A.2d 102 (1977).

Judgment of sentence of guilty of possession of marijuana is affirmed. Judgment of sentence of guilty of possession of liquid hashish is vacated. The case is remanded for resentencing in light of this opinion.

HESTER, J., files a dissenting statement.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision in this case.

HESTER, Judge, dissenting:

I dissent. I would affirm the action of the court below.