457 A.2d 537

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Philip M. WHITE.**

Superior Court of Pennsylvania.

Submitted Oct. 19, 1982.

Filed March 4, 1983.

148

Eric I. B. Beller, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Richard E. Johnson, Philadelphia, for appellee.

Before WIEAND, BECK and MONTEMURO, JJ.

MONTEMURO, Judge:

The primary issue in this appeal is whether an informant's prior information which led to six arrests, with contraband seized in all cases, is sufficient to establish the informant's reliability.

On April 17, 1980, Corporal Clifford Ludd of the Philadelphia Narcotics Unit appeared before the Honorable Michael Bednarek and obtained a search warrant for the appellee, Philip White's apartment, located on the second floor of 3336 North 5th Street, Philadelphia. Seized pursuant to this warrant were approximately two (2) ounces of heroin, various items used to cut and package the drug, a .22 caliber rifle, and $277.00 in U.S. currency. The appellee was arrested and charged with possession and possession with intent to deliver a controlled substance.[1] The affidavit in support of probable cause recited the following:

On 4–15–80, I received information from a reliable informant who in the past six (6) months has given me information along with other members of the Narcotics Unit leading to six (6) arrest [sic] and three (3) purchases with contraband being seized in all cases, and the arrest [sic] awaiting trial. My informant stated that between 4–13–80 and 4–15–80 in the P.M. hours (the exact date and time being omitted to protect the identity of the informant) that he/she was inside the above listed location and he/she did observe the above named in possession of numerous glazzine packets containing a powder (which the named identified as HEROIN), tin foil wrapped packets (which the named identified as METH), and manila envelopes which the named identified as (Marihuana) [sic]. My informant futher [sic] stated that he/she did observe the named sell these items to various persons in exchange for U.S. Currency. As a result of this information I did go to that location on 4–15–80 in the P.M. hours (between 8:00 PM and 9:30 PM) and conduct [sic] a surveillance of same at which time I observed four (4) persons go to the location enter stay a few minutes and

1. 35 P.S. § 780–113(a)(16), (30).

leave. Therefore due to the reliability of my informant, and my surveillance, I believe that the named in [sic] involved in the dispensing and storage of Controlled Substances from inside the location, and that this Warrant should be granted.

The appellee filed a pre-trial motion to suppress the physical evidence seized pursuant to the search warrant.

■ At the suppression hearing conducted on March 9, 1981, the Honorable Paul Silverstein ruled to quash the warrant on the ground that the Commonwealth had not demonstrated the credibility of the informant. The Commonwealth appeals from this ruling maintaining that the informant's information which previously led to six arrests in conjunction with Corporal Ludd's personal surveillance was sufficient to establish the credibility of the informant or the reliability of the information.[2] The appellee argues that the affidavit did not set forth enough information to show that the informant had knowledge of sufficient facts to conclude that the suspect was engaged in criminal activity and that the affiant is not justified in his belief that the informant is trustworthy.

■ The constitutional guidelines for issuing a search warrant when probable cause is based on hearsay information are well established.

Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of affiant, ... the magistrate must be informed of some of the underlying circumstances from which informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed ... was credible or his information reliable. (citations omitted).

2. It is well settled that the Commonwealth is entitled to appeal a suppression order which substantially impairs the presentation if its case. *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963), cert. denied, 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed.2d 149 (1963); *Commonwealth v. Gullet*, 459 Pa. 431, 329 A.2d 513 (1974).

*Aguilar v. Texas,* 378 U.S. 108, 114, 115, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723, 729 (1964).[3] The first prong of this test, we find, is satisfied. The circumstances upon which the informant implicated the appellee consisted in the personal observation of both the appellee in possession of various narcotics which the informant was able to identify and a sale of these narcotics to others in exchange for U.S. currency. All of this took place in the premises that were the subject of the search. These facts reflect the informant's knowledge that the appellee was involved in criminal activity.

■ The second prong of this test pertains to the credibility of the informant or the reliability of the information.[4] In deciding whether this prong has been met, there are four factors to be considered: "(1) Did the informant give prior reliable information? (2) Was the informant's story corroborated by any other source? (3) Were the informant's statements a declaration against interest? (4) Does the defendant's reputation support the informant's tip?" *Commonwealth v. Archer,* 238 Pa.Super. 103, 108, 352 A.2d 483, 486 (1975). This court has also made clear that the affidavit need not satisfy the Magistrate of all four of these criteria. *Commonwealth v. Prosdocimo,* 308 Pa.Super. 187, 454 A.2d 84 (1982); *Commonwealth v. Ambers,* 255 Pa.Super. 381, 310 A.2d 347 (1973).

■ It is now axiomatic that prior arrests attributed to information supplied by the informant need not result in convictions to establish the credibility of the informant, or the reliability of his information. *Commonwealth v. Pros-*

3. This test has been employed extensively in this jurisdiction. See, *e.g., Commonwealth v. Davis,* 466 Pa. 102, 351 A.2d 642 (1976); *Commonwealth v. Greco,* 465 Pa. 400, 350 A.2d 826 (1976); *Commonwealth v. Matthews,* 446 Pa. 65, 285 A.2d 510 (1971); *Commonwealth v. Turner,* 284 Pa.Super. 395, 425 A.2d 1161 (1981); *Commonwealth v. Prokopchak,* 279 Pa.Super. 284, 420 A.2d 1335 (1980); *Commonwealth v. Forster,* 253 Pa.Super. 433, 385 A.2d 416 (1978).

4. The test required for this second prong permits the issuing authority to complete the evaluation of the informant by a conclusion *either* that the informant was credible *or* that his information was reliable. *Commonwealth v. Prosdocimo,* 308 Pa.Super. 187, 454 A.2d 84 (1982).

*docimo, supra; Commonwealth v. Chatman,* 275 Pa.Super. 5, 418 A.2d 582 (1980); *Commonwealth v. Benjamin,* 260 Pa.Super. 1, 393 A.2d 982 (1978). "While past reliability is most often established through a showing of convictions which resulted from the information supplied by the informer, there is no logical reason for mandating that all information lead to convictions before reliability is established." *Commonwealth v. Archer, supra,* 238 Pa.Super. at 109, 352 A.2d at 486. The essential fact is that the informant gave prior information implicating others in criminal activity which information proved to be correct. *Commonwealth v. Benjamin, supra,* 260 Pa.Super. at 7, 393 A.2d at 985; *Commonwealth v. Chatman, supra; Commonwealth v. Minoske,* 295 Pa.Super. 192, 441 A.2d 414 (1982). That is, that past investigative leads that proved reliable and accurate are a sufficient indication of reliability. *Commonwealth v. Benjamin,* supra.

The appellee cites our holding in *Commonwealth v. Chatman, supra,* wherein an equally divided court affirmed an order of the lower court which held that an affidavit which is devoid of any relevant details pertaining to prior arrests and which does not otherwise contain any indicia of trustworthiness is insufficient to establish the credibility or reliability of the informant.

In *Chatman,* the pertinent portion of the affidavit read as follows:

"This informant has given information in the past which led to the arrest of Curtis Williams and Earl Montel."

*Id.* 275 Pa.Super. at 7, 418 A.2d at 583. This was considered insufficient to enable an issuing magistrate to make an independent and informed judgment. *Aguilar v. Texas, supra.*

In the most recent case on this issue, *Commonwealth v. Prosdocimo, supra,* this court analyzed and found probable cause in an affidavit which contained the following recitation:

The affiants were given information by person who has been [sic] reliable in the past that Rick Prosdecimo [sic] is concealing and dispensing Dilaudids from his apt. [sic]. The informant has observed this activity on a number of occasions in the past and as late as the week of 2–6–77. The informant has just been talking with Rick and Rick told the informant that he has 500 D's on hand right now and the he was waiting for a number of persons to come to the apt. now to buy some. The informant stated that we should hit it this night as he would sell most of them tonight as he was going to turn tomorrow. By turn the affiants know he means purchase more of them for sale. Information from this informant has resulted in the arrest of Charles Connors of 159 Greenfield Ave. on 9–29–76 and the arrest of Robert Mahaven of 1680 Skyline Dr. on 2–17–76.

Because Rick may sell out tonight the affiants are requesting a night time search warrant to be issued.

In *Prosdocimo*, we distinguished *Chatman* on the ground that, there, the affidavit failed to set forth the dates of the arrests and the addresses of the persons arrested which might have otherwise provided more of a background to support a finding that the informant was credible or his information reliable. Although the affidavit in *Prosdocimo* did not specifically indicate the accuracy of the informant's prior implication in criminal activity of the person who had been arrested, this court emphasized a number of the surrounding circumstances contained in the affidavit which, when taken together, established the reliability of the informant.[5] This determination was based on the proposition

5. From the record, this case determined that the issuing magistrate was aware of the following data:

Detective Barry Fox, one of the applicants for the warrant, is a member of the Narcotics Division of the Pittsburgh Police Department.

The crime for which the search warrant was sought was violation of the Narcotics laws.

The informant was considered reliable, a conclusion of the police, but, nonetheless, a conclusion of police specializing in narcotics investigations and seeking a warrant for narcotics violations, a

that any information that may be considered in an analysis of the first prong of the *Aguilar* test (knowledge of the informant) may also be considered in the analysis of the second prong (veracity).

■ The information contained within the four corners of the affidavit in the instant case is substantially similar to the information analyzed in *Prosdocimo*. Reviewing the affidavit, we find that the issuing magistrate was informed of the following: (1) Corporal Ludd is a member of the Narcotics Division of the City of Philadelphia Police Department; (2) the crime for which the search warrant was sought was violation of the Narcotics laws; (3) the informant was considered reliable by police who specialize in narcotics investigations, a factor which the magistrate could well include in the bases for a conclusion that the informant was credible; (4) there were specific illegal substances named by the informant (Heroin, Methamphetomine and Marijuana) which were the object of the search and which the informant observed being sold by the appellee to others in exchange for currency; and (5) the informant, within six months of the application for the warrant, supplied information leading to six arrests and three (3) purchases with contraband being seized in all cases. We believe that this last element is especially supportive of reliability in light of our holding in *Commonwealth v. Albert*, 264 Pa.Super. 390, 399 A.2d 1106 (1979). In *Albert* we held that an informant's information which had resulted in prior arrests and seizures of drugs would justify an independent finding of reliability.

> factor which the magistrate could well include in the bases for a conclusion that the informant was credible.
> The application for warrant did not specify a number of illegal substances as the object of the search, nor even a particular class of substances as the object of the. search, but rather provided a quite specific indication of one particular substance, namely: Diluadid. The informant had not simply supplied information on one earlier occasion, that had led to merely an investigation, but had earlier supplied information that (1) twice (2) resulted in arrests of (3) specific individuals (4) on two specific occasions separated by six months (5) within the past year.
> It was necessary to proceed in urgent fashion.

Upon consideration of the facts set forth in the affidavit as well as all relevant case law, we find that probable cause has been established in accordance with the criteria set forth in *Aguilar v. Texas, supra.*[6]

The Order of the court below granting appellee's motion to suppress is reversed and this case is remanded for trial. This court does not retain jurisdiction.

6. Our conclusion in this case does not reflect an acceptance of the affidavit of probable cause as a model or a guide for the drafting and composition of future affidavits. We simply hold that the issuing authority had a sufficient basis for a determination of probable cause. See *Commonwealth v. Prosdocimo, supra.*