380 A.2d 891

**COMMONWEALTH of Pennsylvania**

v.

**Frank COZART, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1977.

Decided Dec. 2, 1977.

George J. D'Ambrosio, West Chester, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, for Philadelphia, for Commonwealth.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellant, Frank Cozart, was charged with two counts of aggravated robbery [1] at Number 165 and 166 of the October Term 1971 and one count of carrying a firearm in a public street or public property [2] at No. 167 of the October Term 1971. He was found guilty by a jury of one of the charges of aggravated robbery and was acquitted on the other. The charge of carrying a firearm in a public street or public property was nolle prossed. On July 27, 1973, motions for a new trial and/or in arrest of judgment were denied and he was sentenced to a term in a state correctional facility for

1. Act of June 24, 1939, P.L. 872, No. 375, 18 P.S. § 4705.

2. Act of June 24, 1939, P.L. 872, No. 375, 18 P.S. § 4416.

not less than 5 years nor more than 10 years. An appeal to this court was filed on August 13, 1973, however, that appeal was discontinued. On May 28, 1974, appellant filed a petition under the Post Conviction Hearing Act[3] which was summarily denied. From that order of court, an appeal was taken to this Court wherein we reversed the order of the lower court and remanded the case for an evidentiary hearing. *Commonwealth v. Cozart*, 238 Pa.Super. 737, 357 A.2d 175 (1976). The evidentiary hearing was held on June 15, 1976 and on August 17, 1976 the Honorable Allen Doty granted the appellant the right to file an appeal nunc pro tunc, but denied appellant's petition under the Post Conviction Hearing Act. This appeal nunc pro tunc followed.

Briefly, the facts of this case are that on August 17, 1971 two men entered the AMC Paint and Hardware Company located on South 60th Street, Philadelphia, Pennsylvania. One of the individuals was carrying a shotgun and the people in the store at the time were informed that this was a hold up. Approximately $105.00 was taken from Mr. Messado, the proprietor of the store, and $40.00 to $50.00 was taken from the register. The appellant was apprehended by a police officer very shortly after the robbery and was immediately taken back to the store where he was identified by Mr. Messado.

On his appeal nunc pro tunc, appellant raises two issues: 1) the trial court erred in charging the jury on the crime of robbery without defining that crime for the jury, and 2) he was denied effective assistance of counsel in that counsel failed to object to the charge of the trial judge on robbery which charge improperly failed to define the crime of robbery.

In its address to the jury, the lower court charged:
Now, the definition of robbery—and I give it to you straight from the statute—whoever robs one another or steals any property from the person of another or assaults any person with intent to rob him, or by menace or force

3. Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq., 19 P.S. § 1180-1 et seq. (Supp.1974).

demands any property of another with intent to steal the same, is guilty of a felony, which is known as robbery.

The court continued and defined the charge of aggravated robbery.

—in order to be aggravated robbery, you have something in addition to that, such as one element would be when the defendant is joined with one or more persons in committing this assault with intent to rob, and to take someone's property or money, or if the defendant beats, strikes, ill uses, or does violence to such person, or where a defendant was armed with an offensive weapon or an instrument such as a revolver.

Appellant argues that the court defined robbery by using the term "rob". However, the statute and the judge's charge included the phrases whoever "steals any property from the person of another" or "by menace or force, demands any property of another, with intent to steal the same" is guilty of the crime of robbery. Furthermore, the judge instructed the jury that aggravated robbery is committed once an offensive weapon or instrument is used in the perpetration of the previously defined robbery. Although the statute does not define rob the courts have held that the term "rob" in the statute refers to the common law definition of robbery which is the "felonious and forcible taking from the person of another of goods or money to any value by violence or putting in fear". *Commonwealth v. Darcy*, 362 Pa. 259, 279, 66 A.2d 663, 673 (1949). Furthermore it was pointed out in *Darcy* that "[t]he offense of robbery as it was known in the common law (4 Blackstone 242) and as it has been known to lawyers and laymen is so easily recognized that it seldom if ever requires formal definition". 362 Pa. 259, 278–279, 66 A.2d 663, 672. Thus the trial court's instructions to the jury were proper and adequately defined the crime for which the appellant stood accused.

■ Appellant's second argument is based on the success of his first argument. He contends that defense counsel's failure to object to the lower court's charge constituted

ineffective representation. Since we have held that the lower court did not err in its charge to the jury, it would be inconsistent for us to now add that trial counsel's failure to object to a proper charge was blatant error. "Trial counsel is not required to raise issues which are obviously without merit. *Commonwealth v. Learn*, 233 Pa.Super. 288, 335 A.2d 417 (1975)." *Commonwealth v. Bethea*, 243 Pa.Super. 494, 366 A.2d 262, 264 (1976). Since the trial judge quoted directly from the statute in his instructions to the jury and the instructions were correct, there would be little if any reason for trial counsel to feel that he had to object to the charge. Therefore we hold that counsel's failure to object did not constitute ineffective representation.

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.