J. A34010/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
WALTER R. SCHWEIZER, : No. 369 MDA 2014
:
Appellant :


Appeal from the Judgment of Sentence, December 20, 2013,
in the Court of Common Pleas of York County
Criminal Division at No. CP-67-CR-0008282-2012


BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STABILE, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:           **FILED APRIL 14, 2015**

Appellant appeals his judgment of sentence, challenging the discretionary aspects of that sentence.  Finding no merit, we affirm.

Appellant was charged with driving under the influence of alcohol ("DUI") and related offenses as a result of a single vehicle motorcycle accident in Shrewsbury Township on July 19, 2012.  Appellant fled the scene of the accident on foot, but was discovered by police nearby in an intoxicated state.

On February 14, 2013, appellant entered a guilty plea.  However, on April 29, 2013, on the advice of new counsel, appellant filed a motion to withdraw his guilty plea.  Apparently, appellant was subsequently permitted

to withdraw his plea.[1]  On October 11, 2013, a jury convicted appellant of DUI -- general impairment, DUI -- highest rate of alcohol, and immediate notice of accident to police department.[2]

On December 20, 2013, the court sentenced appellant for the DUI -- highest rate of alcohol conviction to 8 months' to 5 years' imprisonment (county jail), a sentence within the standard range of the Sentencing Guidelines.  The court was apprised by a pre-sentence investigative report. (Notes of testimony, 12/20/13 at 1; 1/22/14 at 9.)  Appellant filed a post-sentence motion on December 30, 2013, seeking a reduction of his sentence.  At a hearing on that motion, the court made the following underlined remarks which form the basis of appellant's present appeal:

> However, the Defendant then consulted with different counsel and chose to withdraw his guilty plea and exercise his right to trial, and he absolutely has the right to exercise his right to trial, and we note that, and we would never consider punishing an individual for going to trial.  We just don't do that. We think it's their constitutional right.  They have the right to enforce [sic] the Commonwealth to do that.
>
> However, we do think that we can, particularly, in an instance where someone pleads guilty and then decides essentially to go to trial and roll the dice, we

---

[1] We can find no order in the record permitting appellant to withdraw his plea.  A hearing was held on the motion on May 1, 2013, but the court merely continued sentencing until the Commonwealth had an opportunity to review the motion.  Thereafter, the court held status hearings at which the case was continued, but the motion to withdraw the plea was not addressed. Ultimately, a jury trial commenced on October 10, 2013.

[2] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(c), and 3746, respectively.

- 2 -

> think we can take that as an indication from their standpoint that they're attempting to avoid responsibility for the criminal act for which they have committed, and that can show, also, a lack of remorse on the Defendant's part, and we think that those are appropriate considerations.

Notes of testimony, 1/22/14 at 9-10.[3]

On appeal, appellant challenges the discretionary aspects of his sentence.

> A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. Treadway***, 104 A.3d 597, 599 (Pa.Super. 2014), quoting ***Commonwealth v. Bowen***, 55 A.3d 1254, 1262-1263 (Pa.Super. 2012), ***appeal denied***, 64 A.3d 630 (Pa. 2013).

---

[3] The underlined portion is quoted in appellant's brief at 23. We have included a fuller quote to give a better sense of what the trial court was stating.

Appellant's brief does contain the requisite concise statement. Therein, appellant argues that the trial court relied upon an impermissible factor in crafting his sentence. Appellant argues that the trial court improperly relied upon his decision to withdraw his plea and proceed to jury trial as a reason to impose an excessive sentence. We note that such a claim has been found to raise a substantial question and we will, therefore, consider the merits of appellant's claim. **Commonwealth v. Allen**, 24 A.3d 1058, 1064-1065 (Pa.Super. 2011).

> Our standard of review of a challenge to the discretionary aspects of sentence is well-settled:
>
> > Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Antidormi**, 84 A.3d 736, 760 (Pa.Super. 2014), quoting **Commonwealth v. Robinson**, 931 A.2d 15, 26 (Pa.Super.2007).

Appellant argues that he has been given an excessive sentence because he exercised his constitutional right to trial. Appellant relies upon the following holding by our supreme court:

> We believe the [**Commonwealth v.**] **Staley**[, 324 A.2d 393 (Pa.Super. 1974)] principle that a demand for a jury trial is not a factor which warrants escalating the severity of a sentence is sound. That principle is premised primarily upon the rationale that the right to a trial by jury is a fundamental one, constitutionally guaranteed to all criminal defendants, and that a practice which exacts a penalty for the exercise of the right is without justification and unconstitutional. The price exacted by imposing a harsher sentence on one who chooses to put the state to its proof by a jury trial rather than plead guilty is obvious. Not only is the individual defendant penalized for the present exercise of his constitutional right but, should the practice become sufficiently well known within a given jurisdiction, a substantial chilling effect on the exercise of the right would inevitably ensue.
>
> . . . .
>
> Accordingly, we reaffirm the Superior Court's holding in **Commonwealth v. Staley** that it is constitutionally impermissible for a trial court to impose a more severe sentence because a defendant has chosen to stand trial rather than plead guilty.

**Commonwealth v. Bethea**, 379 A.2d 102, 104-105 (Pa. 1977).

We find no error under **Bethea**. Appellant misperceives what behavior the trial court was considering when it crafted appellant's sentence. In the fuller quotation that we have provided, it is quite clear that the trial court was well aware that it is impermissible to consider a defendant's choice to go to trial rather than plead guilty as a sentencing factor. Rather, the trial court simply interpreted appellant's choice to first plead guilty and then withdraw the plea as a failure to take responsibility for appellant's crime and a lack of remorse. Lack of remorse is a proper sentencing factor.

*Commonwealth v. Bowen*, 975 A.2d 1120, 1125 (Pa.Super. 2009). We see no error in this.

Moreover, we cannot find that appellant's sentence was excessive. The sentencing range for appellant under the standard range of the Sentencing Guidelines was 90 days' to 9 months' imprisonment. (Notes of testimony, 12/20/13 at 9.) Appellant's minimum sentence of 8 months was, therefore, within the standard range. This court has previously held that "where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa.Super. 2011). As previously noted, the trial court was apprised of a pre-sentence investigative report. Since appellant's sentence was not excessive, we find no prejudice to appellant by the court's consideration of his lack of remorse.

Accordingly, we shall affirm the judgment of sentence.

Judgment of sentence affirmed.

Shogan, J. joins the Memorandum.

Stabile, J. files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/14/2015

- 6 -