590 A.2d 1311

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Charles A. WOODS, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 15, 1991.

Decided May 15, 1991.

Petition for Allowance of Appeal Denied
Oct. 1, 1991.

Stuart Lev, Philadelphia, for appellant.

Michael Erlich, Asst. Dist. Atty., Philadelphia, for Com. appellee.

Before McEWEN, KELLY and HUDOCK, JJ.

HUDOCK, Judge:

This is an appeal from a judgment sentencing Appellant Charles A. Woods, Jr. (hereinafter "Appellant") for possession with intent to deliver a controlled substance, criminal conspiracy, reckless endangerment, and simple assault.[1]

---

1. Appellant was sentenced to three (3) to six (6) years for the possession offense, a consecutive one (1) to two (2) years for simple assault,

Appellant's pre-trial motion to suppress was denied after an evidentiary hearing, and a bench trial followed. Timely filed post-verdict motions were denied. We affirm.

The facts of this case appear in the trial court opinion:

... On February 19, 1988, a first time informant told [Police Officer Kevin Beckett, the Affiant] that he had purchased cocaine inside the front door of 6088 Upland Street. The informant stated he knew it to be cocaine because he used it. On that same day, the affiant went to that location and observed several unknown black males enter, stay a short period of time and leave. The affiant further observed a white male enter the location and upon stopping him for investigation found him in possession of a blue packet containing a white powder (alleged cocaine).

The next day, February 20, 1988, the affiant placed the location under surveillance and within one-half hour observed three black males and four black females enter, stay for short periods of time and leave. On February 23, 1988, the affiant again went to the location and observed three black females and four black males enter, stay for short periods of time and leave.

Lastly, the affiant writes that based upon the information he received, his observation and his experience, he believed cocaine was being sold from 6088 Upland Street.

Suppression and trial court opinion, at pp. 2–3.

The facts which followed, as gleaned from the notes of testimony, were succinctly summarized by the Commonwealth:

On February 25, 1988, Philadelphia Police Officer Philip Riehl executed a warrant authorizing a search of the premises at 6088 Upland Street in Philadelphia.[2] After Officer Riehl identified himself as a policeman and en-

and a consecutive three (3) years of probation for criminal conspiracy. The charge of reckless endangerment merged with simple assault for the purposes of sentencing.

**2.** Officer Riehl was listed in the category of "Other Officers Participating in the Search" in the Search Warrant and Affidavit.

tered the house, [Appellant] threatened the officer with a loaded Smith and Wesson .44 magnum revolver. (Citations omitted) Officer Riehl drew his own gun and [Appellant] then dropped the revolver and ran upstairs. [Appellant] was taken into custody. Evidence seized from the premises included 157 blue plastic packets of cocaine, four scales, two revolvers, two rifles, and letters addressed to [Appellant] at 6088 Upland Street. (Citation omitted).[3]

Commonwealth Letter Brief, at p. 1.

Appellant argues that probable cause did not exist for the issuance of a search warrant. He requests reversal of the suppression ruling, vacation of sentence, and a new trial.

We commence by referring to the standard which governs our review. In *Commonwealth v. Cameron*, 385 Pa.Super. 492, 496, 561 A.2d 783, 785 (1989), we stated: "[b]ecause there is no question that the factual findings are supported by the record, we will address ourselves to the validity of the court's inferences and legal conclusions." Such is the case here. We will therefore focus on the trial court's conclusions of law, and in so doing only the prosecution's evidence will be considered, in addition to as much of the defense evidence which remains uncontradicted upon a fair reading in the context of the record as a whole. *Commonwealth v. Hamlin*, 503 Pa. 210, 469 A.2d 137 (1983).

In *Commonwealth v. Bruner*, 388 Pa.Super. 82, 93, 564 A.2d 1277, 1282 (1989), we recapitulated the law of probable cause:

"Before an issuing authority may issue a constitutionally valid search warrant he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search." Probable cause to support issuance of a search warrant is present where facts and circumstances within the affiant's knowledge, of which he has reasonable trustworthy information, are sufficient in themselves to warrant a

---

**3.** This summary is supported by an independent, thorough review of the "Motion to Suppress and Waiver Trial" transcript.

man of reasonable caution in belief that a search should be conducted. The information offered to demonstrate probable cause to search "must be viewed in a common sense, nontechnical, ungrudging and positive manner." It is based on a finding of probability, not a prima facie showing of criminal activity. (Citations omitted).

In the appeal before us, the suppression court considered the totality of the circumstances, discussed *supra*, which were contained in the requisite affidavit when it upheld the warrant to search. In so doing, it appropriately relied on *Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921 (1985), wherein our Supreme Court adopted the totality test. A reviewing court must pay great deference to an issuing authority's determination of probable cause for the issuance of a search warrant. *Commonwealth v. Macolino*, 336 Pa.Super. 386, 485 A.2d 1134 (1984). Given this deference, taken in conjunction with the total circumstances which were considered herein, we fail to see how probable cause was lacking for the issuance of the warrant in dispute. Appellant would have us conclude that probable cause was absent due to the fact that the informant did not indicate to the affiant the precise date upon which he had purchased cocaine at 6088 Upland Street. Review of pertinent authority, however, fails to mandate reversal on the basis of this omission. *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887 (1991), is distinguishable. In *Edmunds*, a defendant's motion to suppress marijuana was denied despite the court's finding that the warrant did not specifically set forth the date on which anonymous informants had observed this evidence. This denial was premised on the now abolished good faith exception to the warrant requirement of Article I, Section 8 of the Pennsylvania Constitution. On appeal before the Supreme Court, the Commonwealth conceded an absence of probable cause in the application for the warrant. No such concessions have been made in the case at bar. The *Edmunds* warrant embodied the observations of the informants, in addition to the fact that the affiant located the property which they

had described, as well as a mailbox with "Edmunds 228" printed on it. Our Supreme Court agreed with the suppression court that probable cause was absent, but abolished the good faith exception upon which the lower court based its decision.

In the case at bar, on the other hand, the informant's tip was supported by independent, "recent" surveillance on the part of the officer. The additional information gained by the officer, considered in context of the total circumstances discussed herein, gave rise to the probability that prohibited activity was afoot at the time that the warrant was sought, and provided sufficient grounds for its issuance. Unlike *Edmunds*, this was not a situation where the affidavit did not contain "facts so closely related to the time of the issue of the warrant as to [not] justify a finding of probable cause at that time".[4] *Commonwealth v. Ed-*

**4.** The affidavit herein reads:

On Friday, 2-19-88, I received information from a first time informant who stated to me he purchased Cocaine in the amount of ten dollars from a black male who is not known to him, through the inside frontdoor [sic] of 6088 Upland St.

He further stated he knows this to be cocaine because he used it. On Friday, 2-19-88: I conducted a surveillance of this location where at different times Idid [sic] observe several unk [sic] black males enter this location, stay a short time then leave. On Saturday, 2-20-88, Between [sic] 8:30 and 9:00, I conducted a surveillance of this location where at different [times] Idid [sic] observed [sic] 3 black males and 4 black females enter this location stay a short time then leave.

On Tuesday, 2-23-88, Iagain [sic] conducted a surveillance of this location, Iobserved [sic] 3 black females and 4 black males, enter this location, stay a short time then leave. Based on information given (stated) to me by this informant, I also was told that this property is also fortied [sic] with steel door inside the inner front door and also a steel door on the rear door of this property. Based on information received from this informant, my personal observation of the inner and outer, front and rear doors of this location which based on my personal experience is a typical set up used for illegal drug transactions in this area, surveillances conducted, I do believe COCAINE is being sold from this location and do respectfully request this warrant be approved.

On 2/19/88 I observed one w/m enter the location. Invest. of this male found him to be in possession of 1 small blue packet containing a white powder (alleged cocaine). This male was taken into

*munds,* 373 Pa.Super. 384, 390, 541 A.2d 368, 371 (1988), *citing Commonwealth v. Conner,* 452 Pa. 333, 305 A.2d 341 (1973) (citations omitted), *rev'd on other grounds,* 526 Pa. 374, 586 A.2d 887 (1991). Given this distinction, it follows that Appellant's reliance on the omission of the precise date of the informant's alleged cocaine purchase does not by itself produce an absence of the probable cause necessary for the issuance of a non-defective warrant.

Appellant, however, also argues that the police surveillance of 6088 Upland Street, instead of corroboration by way of more specific means,[5] gave rise, at best, to mere suspicion and not to probable cause. We disagree. The existence of arguably more persuasive means of corroboration did not by itself render insufficient that information which was produced by police action. Moreover, as noted above, considered by the court below were: The affiant's experience, surveillance of the location in question, observation of a series of unusually short "visits", the discovery of cocaine in the possession of one of the visitors, and information disclosed by an informant to a law enforcement official. We find these facts to be adequate support for a finding of probable cause to search and, as a result, do not find that a warrant based thereon is insufficient as a matter of law.

Judgment of sentence affirmed.

---

custody & transported to [sic] unit where powder was tested and found to be positive.
[Emphasis in original]

**5.** As examples of more specific corroboration, Appellant suggests a controlled buy, observations of specifically prohibited transactions, or confirmation with other informants.