643 A.2d 106

### In the Interest of Aquil BOND.

### Appeal of COMMONWEALTH of Pennsylvania, Appellant.

Superior Court of Pennsylvania.

Argued Jan. 13, 1994.

Filed May 26, 1994.

**2.** In light of our disposition of this case, we need not address Dr. Soli's remaining claims.

Michael Erlich, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Jeffrey P. Shender, Asst. Public Defender, Philadelphia, for appellee.

Before CIRILLO, BECK and HOFFMAN, JJ.

HOFFMAN, Judge.

This appeal is from the June 11, 1993 order, granting appellee, Aquil Bond's, motion to suppress physical evidence. The Commonwealth raises one issue for our review:

Did the lower court err by suppressing contraband seized pursuant to a search warrant from 5653 Catherine Street, where a reliable informant, who had recently provided information resulting in six arrests and the seizure of narcotics from a neighboring drug sales location, notified police that she had personally heard the drug supplier for the sales location, who lived with his aunt at 5653 Catherine Street, say that he had transferred his stock of drugs from the sales location to his aunt's house?

Commonwealth's Brief at 4. For the reasons that follow, we reverse.

On March 22, 1993, Detective Meissler received information from a confidential informant regarding a drug trafficking enterprise on the 5600 block of Catherine Street in West Philadelphia. The informant stated that a black male named Benjamin Bell was allowing persons to sell crack cocaine from a house at 5622 Catherine Street. She further stated that a bench warrant was out on Bell and he could be found at this address. Detective Meissler was independently aware of this information at the time of this conversation.

In response to the informant's report, Detective Carol Robinson, went to 5622 Catherine Street and made a controlled buy of crack cocaine at that location. Following this transaction, police officers arrested six persons on the property for narcotics violations, including Benjamin Bell. Police then searched the house and found 350 vials of crack cocaine and two handguns.

On March 29, 1993, the same confidential informant contacted Detective Meissler and provided detailed follow-up information on the drug-trafficking enterprise. The informant disclosed that the drugs sold from 5622 Catherine Street were supplied by someone called "Ricky" who lived with his aunt and uncle at 5653 Catherine Street. She gave a description of

the revised drug trafficking scheme and disclosed that she had heard "Ricky" say that he transferred his supply to 5653 Catherine Street.

Based on the above stated information, Detective Meissler swore out an affidavit of probable cause before Bail Commissioner Polikoff. After reviewing the affidavit, Commissioner Polikoff agreed that probable cause existed to search both 5622 Catherine Street and 5653 Catherine Street for contraband, and accordingly, issued warrants for both properties. On that same day police officers executed the warrant on 5622 Catherine Street and seized 84 vials of crack cocaine, seventeen dollars in cash and a .380 semi-automatic pistol. Two men were arrested for narcotic offenses.

Detective Meissler executed the warrant for 5653 Catherine Street. There police encountered both Rondal Pierce and appellee, a juvenile.[1] After administering Miranda warnings, the police asked Pierce if he knew why the police were there. Pierce replied, "my drugs," and showed them a jacket with 45 vials of cocaine. Appellee then led police to a closet on the second floor where the officers found an additional 102 vials of cocaine, a clear plastic baggie of cocaine, paraphernalia for cutting and packaging narcotics, a .357 Ruger automatic handgun and forty rounds of ammunition.

In addition to filing criminal charges against Pierce, the Commonwealth charged appellee with several delinquent acts.[2] Appellee then filed a motion to suppress all of the evidence against him on the grounds that the police lacked probable cause to search the premises of 5653 Catherine Street. On June 11, 1993, the Honorable Joseph P. McCabe, Jr., granted appellee's motion. This timely appeal followed.

The Commonwealth argues that the trial court erred by suppressing contraband seized pursuant to a search warrant for 5653 Catherine Street, where a reliable informant notified

1. At the time the warrant was executed, appellee was sixteen years old.

2. These acts include: possessing cocaine with intent to deliver it, knowingly or intentionally possessing cocaine, possessing an instrument of crime, prohibited offensive weapons and criminal conspiracy (Petition No. 2196–93–03).

the police that she had recently heard the drug supplier say that he had transferred his stock to the above location. We agree.

■ Once a warrant has been issued it is our duty to decide whether the magistrate had a substantial basis for concluding that probable cause existed for issuance of a search warrant. *Commonwealth v. Eicher,* 413 Pa.Super. 235, 605 A.2d 337 (1992), *appeal denied,* 533 Pa. 598, 617 A.2d 1272 (1992). When determining whether probable cause exists for the issuance of a search warrant, courts in this Commonwealth have adopted the totality of the circumstances test as enunciated in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *See, e.g., Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985); *Commonwealth v. Singleton,* 412 Pa.Super. 550, 603 A.2d 1072 (1992). Under this analysis, "[a] magistrate is not required to find a prima facia showing of criminal activity, but rather a probability of criminal activity." *Commonwealth v. Gray,* 322 Pa.Super. 37, 46, 469 A.2d 169, 173 (1983) (citations omitted). "The task of an issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Commonwealth v. Miller,* 334 Pa.Super. 374, 382, 483 A.2d 498, 501–502 (1984) (quoting *Illinois v. Gates,* 462 U.S. at 238, 103 S.Ct. at 2332). Finally, we note that a magistrate's decision to issue a search warrant should be accorded great deference on appeal. *Commonwealth v. Fromal,* 392 Pa.Super. 100, 572 A.2d 711, *appeal denied,* 527 Pa. 629, 592 A.2d 1297 (1990).

■ Applying this standard to the instant case, we find that a common sense reading of the affidavit provided sufficient basis for the magistrate to believe that contraband would likely be found at 5653 Catherine Street. As set forth in the affidavit, police received information concerning the storage of narcotics at 5653 Catherine Street from a confidential infor-

mant. This informant had just a week earlier supplied information about drug trafficking on that same block that was directly corroborated and found to be accurate. Thus, the reliability of this informant was established. *See, e.g., Commonwealth v. Carlisle,* 348 Pa.Super. 96, 501 A.2d 664 (1985) ("[a] tip from an anonymous informant can form the basis for probable cause as long as there is adequate evidence of the informant's credibility"); *Commonwealth v. White,* 311 Pa.Super. 146, 152, 457 A.2d 537, 539 (1983) (reliability is shown by past investigative leads which proved accurate).

Moreover, in the present case, the informant provided a detailed description of the scheme.[3] *See United States v. Kemp,* 421 F.Supp. 563, 566 (W.D.Pa.1976) (the detail with which a drug transaction is described may be viewed as evidence the informant is speaking from personal knowledge); *accord Commonwealth v. Price,* 318 Pa.Super. 240, 464 A.2d 1320, 1327 (1983). In addition, a portion of the information she provided came directly from the supplier himself.[4] *See Singleton* 412 Pa.Super. at 555, 603 A.2d at 1074 (hearsay statements may be credited by issuing authority).

Viewing all of these facts together, the magistrate, at the very least, had a substantial basis to conclude that probable cause existed to issue a search warrant for 5653 Catherine Street. Thus, we find the trial court erred in granting appellee's motion to suppress. Accordingly, we reverse the finding of the trial court and remand for proceedings consistent with this opinion.

Reversed and remanded. Jurisdiction relinquished.

**3.** The informant stated that the drugs confiscated from 5622 Catherine Street, a week earlier, were supplied by a black male known as "Ricky." She stated that since Ricky had lost such a large quantity of drugs he is now only giving a small amount of drugs to these persons inside 5622 Catherine Street. She also explained that when 5622 Catherine Street runs out Ricky will get more vials from 5653 Catherine Street and bring them back to 5622 Catherine for sale. The informant stated that Ricky resides at 5653 Catherine Street with his aunt and uncle. *See* N.T., June 11, 1993 at 5a–6a, 15a–16a.

**4.** The informant stated that she has heard Ricky talking in the neighborhood saying that 5622 Catherine Street was too "hot" and that he felt that his drugs would be safe at his aunt's house where he could keep an eye on them. *See* N.T., June 11, 1993 at 5a–6a, 15a–16a.