676 A.2d 1214

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Roseann CRAMUTOLA.**

Superior Court of Pennsylvania.

Argued Feb. 7, 1996.

Filed April 23, 1996.

Reargument Denied June 21, 1996.

Anthony Pomeranz, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Before CIRILLO, President Judge Emeritus and BECK, J. and CERCONE, President Judge Emeritus.

BECK, Judge:

The Commonwealth appeals the trial court's order suppressing 200 grams of methamphetamine, drug paraphernalia, two

loaded weapons and cash.[1] We reverse, finding that the trial court erred when it suppressed the evidence on the grounds that police had not sufficiently corroborated the citizen's information.

On May 13, 1993, Officer Richard Brown, a member of the Philadelphia Police Narcotics Field Unit, received a call from a concerned citizen that appellee was running a drug operation from her home.[2] The citizen stated he had seen numerous people entering from the front and back doors. Officer Brown set up a surveillance on the same day and observed several males knock on the rear door which was answered by appellee, enter, stay for approximately two minutes and then leave by the rear door. After the surveillance, a member of the surveillance team, Officer Trappler, went to appellee's rear door. Appellee answered the door and the officer asked if she had any "powder." When appellee questioned Officer Trappler about who had sent him, he left.

On May 18, 1993, Officer Brown set up another surveillance and observed a male enter the house and then leave five minutes later. When Officer Brown tried to detain the male he fled. On May 20, a confidential informant working for Officer Brown (different from the concerned citizen) knocked on appellee's door. She told him that she would not sell drugs to him because she did not know him and that he could be a cop.

On May 27, Officer Trappler returned to appellee's residence and again asked appellee for some "powder." Appellee replied that she did not have any, but told him to call in advance the next time. She gave him her name, Rose, and phone number. Subsequent investigation confirmed that the phone number was registered to the appellee, Roseann Cramutola.

1. The Commonwealth met the requirement of *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985) by certifying that the lower court's order suppressing the physical evidence substantially handicapped their prosecution.

2. The identity of the concerned citizen is known to the police; however, for the protection of the citizen's safety and privacy, the individual's identity was not disclosed.

On June 8, 1993, the concerned citizen told Officer Brown that appellee feared she was being watched by police. On June 22, the concerned citizen told Officer Brown that while inside appellee's residence he saw clear plastic baggies containing a white chunky substance which he believed were drugs.

On July 20, 1993, Officer Brown set up another surveillance and saw a male and female enter by the rear door and leave five minutes later. The confidential informant was then admitted into the house by appellee. She told him she did not have anything at the time, but while in the kitchen, the confidential informant saw a triple beam scale, numerous unused vials and caps, a plate, and razor blades. On July 27, 1993, the concerned citizen told Officer Brown that he had seen the triple beam scale and a plate with razor blades while in appellee's kitchen.

On July 30, 1993, Officer Brown called appellee's number and asked for Roseann. The person who answered the phone identified herself as Roseann. He asked if she had any powder. Appellee stated, "[w]hy did you say that, you could get me locked up," and hung up the phone.

Based on the above information, Officer Brown swore out an affidavit of probable cause before Judge Cosgrove. Judge Cosgrove found probable cause and issued a warrant to search appellee's residence. Officer Brown, accompanied by other officers, executed the warrant. They discovered over 200 grams of methamphetamine in the kitchen, outside trash can and outside stairwell. They also discovered a triple beam scale, clear plastic packets, U.S. currency and two loaded weapons inside appellee's home. The police found no indication that anyone other than appellee lived in the house.

Appellee was charged with possessing over one hundred grams of methamphetamine with intent to deliver, knowingly possessing methamphetamine, possessing drug paraphernalia, and possessing an instrument of crime. Appellee filed a motion to suppress the physical evidence which was granted. The trial court found there was no probable cause to support

the affidavit giving rise to the warrant. The court, relying on *Commonwealth v. Singleton,* 412 Pa.Super. 550, 603 A.2d 1072 (1992), and *Commonwealth v. Lemanski,* 365 Pa.Super. 332, 529 A.2d 1085 (1987), held that the information provided by the concerned citizen was simply suspicions that were not sufficiently corroborated by the police officers and confidential informant. The court stated that the affidavit did not show that the officers had probable cause. The court noted that the finding of criminal activity after the fact did not cure the defect. The Commonwealth appeals.

 To determine whether the court's suppression order stands, we must determine whether the record supports the court's factual findings. *Commonwealth v. DeWitt,* 530 Pa. 299, 608 A.2d 1030 (1992). When the evidence supports the court's factual findings, we may reverse only when the legal conclusions drawn from those facts are erroneous. *Commonwealth v. Elliot,* 416 Pa.Super. 499, 611 A.2d 727 (1992). Where, as here, the Commonwealth is appealing the decision of the suppression court, we must consider only the evidence of the defendant's witnesses and so much of the evidence for the prosecution as, fairly read in the context of the record as a whole, remains uncontradicted.

 It is important to note that in reviewing the validity of a search warrant, the trial court may not undertake a *de novo* review of whether the warrant was supported by probable cause. The reviewing court is limited to determining whether there is substantial evidence supporting the issuing authority's decision to approve the warrant. *Commonwealth v. Fromal,* 392 Pa.Super. 100, 572 A.2d 711 (1990), quoting *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The task of the issuing magistrate is to consider the information contained within the warrant affidavit in a common sense, nontechnical manner and to determine whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Commonwealth v. Miller,* 334 Pa.Super. 374, 483 A.2d 498 (1984). The standard for determining whether probable cause exists is the "totality

of circumstances" test set forth in *Illinois v. Gates, supra* and adopted by the Pennsylvania Supreme Court in *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). We find the trial court's legal conclusion that the warrant was not supported by probable cause erroneous. Under the totality of the circumstances test there is substantial evidence supporting Judge Cosgrove's decision to issue the warrant.

■ The trial court relied on the statement in *Commonwealth v. Singleton, supra* that the credibility of the declarant and reliability of information is difficult to evaluate when information is supplied by an anonymous citizen, as opposed to a confidential informant. However, information provided to the police by an anonymous source can establish probable cause if it is corroborated. In the present case there is a concerned citizen rather than an anonymous informant, and the information provided by the concerned citizen was sufficiently corroborated by Officer Brown's investigation and by information provided by the confidential informant.

The law is clear that information provided to the police by an anonymous source can establish probable cause so long as it is corroborated by police investigation. *Commonwealth v. Silverman,* 373 Pa.Super. 274, 541 A.2d 9 (1988); *Commonwealth v. Gray, supra; Commonwealth v. Jones,* 506 Pa. 262, 484 A.2d 1383 (1984). This court has held that police surveillance and observation of frequent, short visits by individuals is indicative of drug activity and corroborates an informant's tip concerning drug activity. *See Commonwealth v. Woods,* 404 Pa.Super. 432, 590 A.2d 1311 (1991) (informant's tip was corroborated by police surveillance of frequent visitors to defendant's home who stayed for short periods of time plus the discovery of cocaine in the possession of one of the visitors); *Commonwealth v. Corleto,* 328 Pa.Super. 522, 477 A.2d 863 (1984) (report of first time informant that he saw defendant conduct a drug transaction was corroborated by surveillance where officers observed several individuals enter, stay a few minutes and then leave). Officer Brown, after receiving information from the concerned citizen about appellee's alleged drug activity, conducted three separate surveil-

lances. During each surveillance, the officers observed individuals enter appellee's residence, stay two to five minutes and then leave. Therefore, there was corroboration of the citizen's report that drug activity was occurring at appellee's residence. Officer Trappler's encounter with appellee where she told him to call in advance the next time he wanted drugs further corroborates the concerned citizen's report and makes it more probable than not that appellee was running a drug operation from her residence.

The law is also clear that corroboration by an additional informant can provide the reliability necessary for probable cause. *Commonwealth v. Jones, supra* (statements of different informants may corroborate each other). In the present case, both the concerned citizen and the confidential informant reported to the police that they had seen a triple beam scale, and a plate with razor blades in appellee's kitchen.[3] Furthermore, the confidential informant reported to police that he had approached appellee and she refused to sell him drugs because she did not know him. Therefore, while the information provided by the concerned citizen does not in and of itself establish that drugs and drug paraphernalia would be found in appellee's home, the confidential informant's information makes it more probable than not that appellee was distributing drugs from her home.

The trial court erred when it concluded that the police and confidential informant were unsuccessful in corroborating the concerned citizen's reports.[4] The trial court also misstat-

---

3. An informant's reliability is demonstrated by previous investigative leads that proved accurate. *In the Interest of Bond,* 434 Pa.Super. 303, 643 A.2d 106 (1994). In the present case, the confidential informant used by police provided information on three prior occasions which led to the arrest of persons and confiscation of drugs.

4. In concluding that the citizen's tip was not sufficiently corroborated, the trial court relied on *Commonwealth v. Lemanski, supra.* However, *Lemanski* does not support its conclusion. In *Lemanski,* the police received a citizen tip that defendant was growing marijuana in his green house. The police using zoom lens binoculars verified the tip. The court held that since the binocular search violated defendant's right of privacy, the police failed to sufficiently corroborate the citizen's tip and as a result, struck the warrant. In the present case, the police

ed the law when it stated that "the police and informant were unsuccessful in their efforts to discover any contraband or prove any criminal activity." The standard for probable cause does not require the police to prove criminal activity. Probable cause is based on a finding of the probability of criminal activity, not a *prima facie* showing of criminal activity. *Commonwealth v. Baker*, 532 Pa. 121, 615 A.2d 23 (1992). Under the totality of the circumstance test we find that the concerned citizen's report which was corroborated by police surveillance and an independent reliable informant provides substantial evidence to support the magistrate's finding of probable cause.

Order Reversed.

properly corroborated the concerned citizen's report through surveillance and the use of the confidential informant.