J-S36009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DETRICK S. DAWKINS | |
| Appellant | No. 1274 MDA 2015 |

Appeal from the Judgment of Sentence September 9, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003795-2012
CP-22-CR-0004529-2012

BEFORE:  MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MUNDY, J.:                          **FILED MAY 05, 2016**

Appellant, Detrick S. Dawkins, appeals from the September 9, 2014 aggregate judgment of sentence of 27 to 54 months' incarceration, imposed by the trial court after Appellant was convicted of possession with intent to deliver, and pled guilty to flight to avoid apprehension.[1]  Upon careful consideration, we affirm.

The trial court thoroughly detailed the facts of record, which we adopt and incorporate herein.  Trial Court Opinion, 10/19/15, at 2-7.  In addition, the trial court recounted the procedural posture of this case as follows.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 5126(a), respectively.

[Appellant] was charged at docket number 4529-CR-2012 with possession with intent to deliver and possession of a firearm prohibited. A jury trial was held on these two offenses on August 14 and 15, 2014. [Appellant] was found guilty of Count 1— possession with intent to deliver, and was found not guilty of Count 2 – possession of a firearm prohibited.

At docket number 3795-CR-2012, [Appellant] entered into a negotiated plea agreement on September 9, 201[4]. Pursuant to such agreement, the Commonwealth withdrew Count 1 – escape, and [Appellant] pled guilty to Count 2 – flight to avoid apprehension, in exchange for a recommended sentence of twenty-one (21) to forty-two (42) months of imprisonment to run concurrent with the sentence received at docket number 4529-CR-2012.

Following [Appellant]'s guilty plea at docket 3795-CR-2012, [Appellant] was sentenced as follows: At docket 4529-CR-2012 – Count 1 (possession with intent to deliver) – twenty-seven (27) to fifty-four (54) months of imprisonment (plus fine and costs). At docket 3795-CR-2012 – Count 2 (flight to avoid apprehension) twenty-one (21) to forty-two (42) months of imprisonment (plus fine and costs), to run concurrently with the sentence imposed at docket 4529-CR-2012.

On September 19, 2014, [Appellant], through his attorney, filed a post-trial motion to modify sentence and on September 22, 2014, filed a motion for time credit. Th[e trial c]ourt denied the motion to modify and granted [Appellant] time credit of 347 days on docket 4529-CR-2012 and 206 days on docket 3795-CR-2012.

[Appellant] filed a notice of appeal at docket 4529-CR-2012 on October 22, 2014. On February 23, 2015, the Superior Court dismissed the appeal, as no brief had been filed on [Appellant]'s behalf.

On May 4, 2015, [Appellant] filed a pro se PCRA petition, and Jennifer E. Tobias, Esq. was

appointed as PCRA counsel. Attorney Tobias filed a supplemental PCRA petition requesting that [Appellant]'s appellate rights be reinstated *nunc pro tunc*. Th[e trial c]ourt granted the request, and a notice of appeal was filed on July 24, 2015.

Trial Court Opinion,[2] 10/19/15, at 1-2 (footnote omitted).

On appeal, Appellant presents four issues for review.

1. Whether the trial court erred by denying the Appellant's suppression motion?

2. Whether the Appellant's constitutional rights were violated when the trial court denied the Appellant his right to confront and cross-examine the confidential informant (CI)?

3. Whether the Commonwealth failed to provide sufficient evidence at trial to support the guilty verdict on the charge of PWI[D]?

4. Whether the verdict was against the weight of the evidence presented at trial?

Appellant's Brief at 5.

In his first issue, Appellant asserts that the trial court erred in denying his suppression motion. Our review of a trial court's suppression ruling is guided by the following.

Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those

_____

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review. **Commonwealth v. Jones**, 605 Pa. 188, 988 A.2d 649, 654 (2010) (citations, quotations, and ellipses omitted). Moreover, appellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress. **See In re L.J.**, 622 Pa. 126, 79 A.3d 1073, 1083– 1087 (2013).

**Commonwealth v. Mathis**, 125 A.3d 780, 783 (Pa. Super. 2015), *appeal granted*, --- A.3d ---, 2016 WL 1247784 (Pa. 2016).

Instantly, Appellant asserts that "there were discrepancies concerning the basis for the search warrant, along with withholding of relevant information to the judge signing the warrant." Appellant's Brief at 11. Appellant specifically contends that the judge signing the warrant "should have been told that the CI had recently been convicted of theft, and the Commonwealth had promised to *nolle pros* the charge in exchange for his cooperation." **Id.** Appellant maintains that the confidential informant had "a motive to provide false information to the police regarding the drug transactions." **Id.** at 12.

The Commonwealth responds that "[t]he record supports the suppression court's finding that the search warrant was based upon probable

cause when the Commonwealth … relied upon the observations of police officers who witnessed the CI make a phone call for a drug deal and then witnessed that CI go into the home where the arranged deal took place." Commonwealth's Brief at 9.

The trial court, as the finder of fact, explained its agreement with the Commonwealth's position as follows.

> It is the defense's position that the lack of reliable information given to Judge Clark regarding the CI undermined the probable cause determination as to the CI's veracity and vested interest. The standard for evaluating probable cause is as follows:
>
>> [W]hether probable cause exists for the issuance of a search warrant is the totality of the circumstances test. … A magistrate is to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
>
> **Commonwealth v. Hawkins**, 45 A.3d 1123, 1127 (Pa. Super. 2012) (quoting **Commonwealth v. Gindlesberger**, 706 A.2d 1216, 1219 (Pa. Super. 1997) (citations omitted)). In determining the validity of a search warrant, the "reviewing court is limited to supporting the issuing authority's decision to approve the warrant." **Id.** (quoting **Commonwealth v. Cramutola**, 450 Pa. Super. 345, 676 A.2d 1214, 1216 (1996)).
>
> Pursuant to the totality of the circumstances test, th[e trial c]ourt concludes that there was adequate information to provide a basis for concluding that probable cause was established to issue the search warrant. There were two controlled buys that were conducted at the 316 Hummel Street

> home, the subject of the search warrant. The two buys were conducted while an officer observed the CI entering the home on both occasions, and on each occasion he had been searched before entering the residence. … Based on the controlled buys, there was clearly a fair probability that evidence of a crime would be found at 316 Hummel Street.

Trial Court Opinion, 10/19/15, at 7-8.

Our review of the record confirms the factual findings and legal conclusions of the trial court. Thus, we find no merit to Appellant's suppression issue.

In his second issue, Appellant argues that his constitutional rights were violated when the trial court denied him the right to confront and cross-examine the confidential informant. Before addressing the merits of this argument, we note that Appellant cites just one case, ***Barber v. Page***, 390 U.S. 719, 725 (1968), which generally states that "the right to confrontation is basically a trial right," but is otherwise inapplicable to the specific circumstances of Appellant's case. Appellant's Brief at 13-14. It is well-settled that we will not consider issues where an appellant fails to cite to any legal authority or otherwise develop the issue. ***Commonwealth v. McLaurin***, 45 A.3d 1131, 1139 (Pa. Super. 2012), *appeal denied*, 65 A.3d

413 (Pa. 2013). We therefore find that Appellant has waived this argument and decline to address it further.[3]

With regard to Appellant's third issue, where Appellant asserts that the Commonwealth failed to present sufficient evidence to support his conviction of possession with intent to deliver, the Commonwealth asserts waiver. The Commonwealth states that Appellant failed to specifically allege "the elements of PWID that the Commonwealth failed to prove at trial" in his Pennsylvania Rule of Appellate Procedure 1925(b) statement. Commonwealth's Brief at 17. The Commonwealth cites Pennsylvania Rule of Appellate Procedure 1925(b)(4)(ii), and *Commonwealth v. Tyack*, 128 A.3d 254 (Pa. Super. 2015) to support its contention.

> If [an] appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. Where a 1925(b) statement does not specify the allegedly unproven elements, the sufficiency issue is waived on appeal.

Commonwealth's Brief at 18, *citing Tyack*, *supra* at 260.

Our review of Appellant's Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b) confirms in part the Commonwealth's

---

[3] We nonetheless acknowledge the trial court's statement that "[a]lthough [the trial court's] May 16, 2013 order denied [Appellant's] motion to compel disclosure of the identity of the CI, the CI was actually identified prior to trial. Therefore, the defense could have called the CI as a witness if his whereabouts were known." Trial Court Opinion, 10/19/15, at 8 n.2.

averment that Appellant failed to "specifically allege in his statement of errors the elements of PWID that he was going to challenge on appeal." *Id.* at 20. In the body of his Rule 1925(b) statement, Appellant simply asks, "Whether the Commonwealth failed to provide sufficient evidence at trial to support the guilty verdict?" Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), 8/20/15, at 1. However, Appellant attached a more detailed "Argument" to his Rule 1925(b) statement, which includes a paragraph discussing our appellate standard of review, as well as Appellant's assertion that "since there was no evidence or testimony concerning the elements needed for PWI[D] … the elements have not been proven beyond a reasonable doubt." *Id.* at 5, ¶ 3. Because we interpret this last sentence as Appellant claiming there was no evidence at all to support any of the elements to support his conviction, we address his sufficiency argument on the merits. In doing so, we find it to be unavailing.

There is sufficient evidence to sustain a conviction when the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to enable the fact-finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. *Commonwealth v. Markman*, 916 A.2d 586, 597 (Pa. 2007). Furthermore, the entire trial record is evaluated and all evidence received

against the defendant is considered, being cognizant that the trier of fact is free to believe all, part, or none of the evidence. ***Id.***

Here, Appellant was convicted of possession with intent to deliver a controlled substance, defined as follows.

> (30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a).

Appellant claims "there was not enough evidence to prove that [he] possessed the cocaine or that he was aware of the cocaine" and references discrepancies in the trial testimony. Appellant's Brief at 15-17. Our review, however, indicates that Appellant's sufficiency claim is unsupported by the record. In addition to the testimony of Officers Stewart and Flythe, who both participated in the two controlled buys that occurred on May 10 and 21 of 2012, the trial court accurately referenced the following.

> The drug buys involving [Appellant] took place at 316 Hummel Street. A search of that home yielded a cell phone with photos of [Appellant] with a number matching the one the CI called for a drug buy, bags of crack cocaine and powder cocaine, baggies, a digital scale, razor blades, … a large amount of cash, a piece of mail with [Appellant's] name and the 316 Hummel Street address, a social security card with [Appellant's] name, and a baggage check tag with [Appellant's] last name. The circumstantial evidence shows that [Appellant] was

in constructive possession of the drugs at issue. The power and intent to control the contraband was evident from the totality of the circumstances. **Vargas**, [108 A.3d 858 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015)].

The record also amply supports [Appellant's] intent to deliver the controlled substances. The large sums of cash, a scale, baggies, and other drug paraphernalia found at 316 Hummel Street is indicative of an intent to deliver. Furthermore, the expert testimony provided by Detective Goshert revealed that, given a factual scenario where the aforementioned items were found, his conclusion would be that the cocaine at issue was possessed with the intent to deliver.

Trial Court Opinion, 10/19/15, at 11.

Based on the foregoing, there was sufficient evidence for the jury to convict Appellant of possession of a controlled substance with the intent to deliver, such that Appellant's third issue is without merit.

In his fourth and final issue, Appellant contends that his conviction for possession of a controlled substance with the intent to deliver was against the weight of the evidence. Initially, we note that pursuant to Pennsylvania Rule of Criminal Procedure 607, a claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion.

Our review of the August 15, 2014 trial notes of testimony following Appellant's jury conviction, as well as the September 9, 2014 notes of

testimony from sentencing, indicate that Appellant did not make an oral motion for a new trial based on the weight of the evidence. Further, although the record shows that Appellant filed a post-sentence motion to modify sentence, in that motion he solely requested that his sentences run concurrently. Appellant's Post-Trial Motion to Modify Sentence, 9/19/14, at 1.[4] Likewise, Appellant filed a motion for time credit, but did not raise a weight claim. Motion for Time Credit, 9/23/14.[5] Accordingly, we find that Appellant's weight claimed is waived. ***Commonwealth v. Thompson***, 93 A.3d 478, 490 (Pa. Super. 2014) (the failure to properly preserve a weight of the evidence claim will result in waiver, even if the trial court addresses the issue in its opinion).

In sum, we conclude that Appellant's issues are either without merit or waived, and thus affirm the September 9, 2014 judgment of sentence.

---

[4] The trial court denied Appellant's post-sentence motion to modify sentence by order dated September 22, 2014.

[5] The trial court granted Appellant's motion for time credit by order dated September 26, 2014.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2016