J-S07027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FLINT STATON | : | |
| | : | |
| Appellant | : | No. 1030 EDA 2019 |

Appeal from the PCRA Order Entered March 22, 2019
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0000671-2013,
CP-39-CR-0000681-2013

BEFORE:   NICHOLS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.:                    **FILED MARCH 27, 2020**

Appellant, Flint Staton, appeals from the order entered in the Lehigh County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises five issues for our review:

> WHETHER [THE] APPEAL SHOULD BE DISMISSED GIVEN THE BRIGHT-LINE DIRECTIVE OF ***COMMONWEALTH V. WALKER***, [646 PA. 456, 185 A.3D 969 (2018)] BECAUSE ONE NOTICE OF APPEAL WAS FILED FOR TWO DOCKET NUMBERS?

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

DID THE PCRA COURT ERR BY CONCLUDING THAT TRIAL COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO CHALLENGE THE CREDIBILITY AND MOTIVE OF THE VICTIM BY CROSS-EXAMINING HER ON AN EXTRA-MARITAL AFFAIR?

DID THE PCRA COURT ERR BY CONCLUDING THAT TRIAL COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO OBJECT TO VOLUMINOUS EXHIBITS THAT WERE IRRELEVANT AND MORE PREJUDICIAL THAN PROBATIVE AND BY FINDING TRIAL COUNSEL'S STRATEGY TO HAVE BEEN REASONABLE?

DID THE PCRA COURT ERR BY CONCLUDING THAT TRIAL COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO OBTAIN OR INTRODUCE A RECEIPT THAT WOULD HAVE CORROBORATED [APPELLANT]'S TESTIMONY?

DID THE PCRA COURT ERR BY CONCLUDING COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO SEEK REVIEW ON DIRECT…APPEAL OF THE TRIAL COURT'S RULING ON A MOTION *IN LIMINE*; THE COURT'S RULING PERMITTED PRIOR BAD ACTS TO BE INTRODUCED TO THE JURY[?]

(Appellant's Brief at 6-7).

In his first issue, Appellant concedes the Commonwealth filed charges against him at two separate criminal docket numbers. Nevertheless, Appellant asserts that all charges were heard together at the preliminary hearing and at every subsequent judicial proceeding, including his jury trial. Appellant maintains he filed a single direct appeal from the judgment of sentence at both underlying docket numbers, which this Court disposed of at one Superior Court docket number. Appellant contends he filed the current PCRA petition listing both underlying docket numbers, and the PCRA court denied relief at both underlying docket numbers in a single order. Appellant highlights the court's explanation of appellate rights in the order denying PCRA relief, which

states: "The defendant is advised that he has the right to appeal this order to the Superior Court of Pennsylvania by filing **a notice of appeal** with the Clerk of Courts of Lehigh County." (Appellant's Brief at 11) (emphasis in original). Appellant emphasizes that this Court has found a breakdown in the operations of the court, where the trial court misinformed an appellant of his right to file **a notice of appeal** even though that appellant had been sentenced at two criminal docket numbers. Appellant insists there would be no prejudice to the Commonwealth by allowing the appeal to proceed, and he claims the Commonwealth has no objection to merits review. Appellant concludes this Court should decline to quash the appeal under **Walker**, and review the merits of his appeal. We agree.

On June 1, 2018, our Supreme Court held in **Walker, supra**, that the common practice of filing a single notice of appeal from an order involving more than one docket will no longer be tolerated, because the practice violates Pa.R.A.P. 341, which requires the filing of "separate appeals from an order that resolves issues arising on more than one docket." **Walker, supra** at 469, 185 A.3d at 977. The failure to file separate appeals under these circumstances generally "requires the appellate court to quash the appeal." **Id.** Absent extraordinary circumstances such as fraud or some breakdown in the processes of the court, this Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 940 A.2d 493 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008).

- 3 -

In **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa.Super. 2019), this Court declined to quash an appeal under **Walker**, where the PCRA court had misinformed the appellant about the manner in which to take an appeal. This Court explained:

> In the case *sub judice*, the PCRA court advised [a]ppellant that he could appeal the dismissal of his PCRA petition by filing within thirty days **a** notice of appeal from its order. The court, still referring to its order that disposed of a PCRA petition pending at two separate docket numbers, again utilized the singular in advising [a]ppellant where to file "Said **notice** of appeal." Order, 1/4/19 (emphasis added). Hence, while **Walker** required that [a]ppellant file separate notices of appeal at each docket number, the PCRA court informed [a]ppellant that he could pursue appellate review by filing a single notice of appeal.
>
> We conclude that such misstatements as to the manner that [a]ppellant could effectuate an appeal from the PCRA court's order amount to a breakdown in the court operations such that we may overlook the defective nature of [a]ppellant's [otherwise] timely notice of appeal rather than quash pursuant to **Walker**. Therefore, we shall proceed to address the substance of this appeal.

**Id.** at 160 (internal footnote omitted) (emphasis in original).

Instantly, the PCRA court denied relief by order entered March 22, 2019. The order listed both underlying criminal docket numbers in the caption. The order states:

> **AND NOW**, this 22nd day of March 2019, upon consideration of [Appellant's] petition filed pursuant to the Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA), **IT IS HEREBY ORDERED** that said petition is **DENIED and DISMISSED**.
>
> [Appellant] is advised that he has a right to appeal this order to the Superior Court of Pennsylvania by filing a Notice of

> Appeal with the Clerk of Courts of Lehigh County—Criminal Division, within 30 days of the date of this order. The Clerk is directed, pursuant to Pa.R.Crim.P. 908(E), to forward a copy of this order to [Appellant] by certified mail, return receipt requested.

(Order, filed 3/22/19, at 1). Here, the PCRA court misinformed Appellant about the manner in which to take an appeal, by using the singular when referring to Appellant's ability to file "a" notice of appeal. The court's misstatement in this regard constitutes a breakdown in the operations of the court such that we may overlook the defective nature of Appellant's otherwise timely notice of appeal. *See Stansbury, supra*. Therefore, we decline to quash the appeal under *Walker*, and will review the appeal on the merits.

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable James T.

Anthony, we conclude Appellant's issues two through five merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of those questions. (*See* Opinion in Support of Order, filed March 22, 2019, at 2-8) (finding: **(issue 2)** at PCRA hearing, Appellant testified that he told trial counsel Victim was having affair with ex-employee of Appellant's seafood business;[2] trial counsel testified that Appellant did not mention any affair with that person, but told trial counsel Victim was having affair with Sergeant Hoats, who was affiant in this case; trial counsel testified that Appellant provided counsel no evidence of alleged affair besides Appellant's observation that Sergeant Hoats touched Victim's arm after one court proceeding in this matter; trial counsel did not have reason to believe Victim was having affair with Sergeant Hoats based solely on Appellant's suspicions; further, Appellant failed to demonstrate outcome of trial would have differed if counsel had questioned Victim about alleged affair; thus, trial counsel was not ineffective on this ground; **(issue 3)** counsel had reasonable trial strategy for declining to object to admission of numerous exhibits which depicted various items in trunk of Appellant's car; Appellant contended that he did not know gun was in his car; counsel testified at PCRA hearing that allowing jury to view so many random, innocuous items in Appellant's trunk would support Appellant's

_____

[2] Appellant claims the affair gave Victim a motive to fabricate the allegations against Appellant, and Appellant wanted trial counsel to cross-examine Victim about the affair to undermine her credibility.

position; thus, counsel was not ineffective on this ground; **(issue 4)** trial counsel testified he could not recall if Appellant had told him about Wawa receipt prior to trial, but counsel did not believe receipt would have been helpful at trial in any event; Appellant testified that he went to Wawa at approximately 4:00 a.m., one hour before police pulled him over; thus, Wawa receipt would not have disproved allegation that Appellant was following Victim when police stopped him; further, Appellant did not raise alibi defense alleging he was somewhere else at time police reported seeing Appellant following Victim; Appellant cannot establish prejudice to succeed on this ineffectiveness claim; **(issue 5)** trial counsel testified that he did not raise on direct appeal trial court's denial of Appellant's motion *in limine* to preclude "prior bad acts" evidence because after researching issue, trial counsel believed court properly admitted that evidence to establish course of conduct; trial court properly admitted evidence of prior bad acts in this case (namely, PFA and non-consensual sexual encounter between Appellant and Victim that occurred in 2011), so underlying claim lacks arguable merit; trial counsel was not ineffective on this ground).  Accordingly, we affirm based on the PCRA court's opinion.[3]

Order affirmed.

_____

[3] We direct the parties to attach a copy of the PCRA court's March 22, 2019 opinion to all future filings pertaining to our disposition of this appeal.

J-S07027-20

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/2020

# IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   |     No.   CR-671-2013

           |              CR-681-2013

         vs.           |

FLINT STATON,          |

         Defendant     |

\* \* \* \* \* \* \* \* \* \*

APPEARANCES:

Robert W. Schopf, Esquire, Senior Deputy District Attorney,
     For the Commonwealth

Robert E. Sletvold, Esquire, Conflict Counsel
     For the defendant

\* \* \* \* \* \* \* \* \* \*

## OPINION

**James T. Anthony, Judge:**

On February 25, 2015, the defendant was found guilty by a jury of four counts of

Stalking, one count of Firearms Not to be Carried without a License, one count of

Persons Not to Possess a Firearm, two counts of Terroristic Threats, three counts of

Harassment, two counts of Possessing an Instrument of Crime, and two counts of

Prohibited Offensive Weapons. On March 31, 2015, I sentenced the defendant to an

aggregate term of imprisonment of 18 years and 6 months to 43 years in a State

Correctional Institution. A timely post-sentence motion was denied on June 24, 2015.

The Superior Court affirmed the judgment of sentence on October 25, 2016, and the

Supreme Court denied a petition for allowance of appeal on June 2, 2017. Carol

Marciano, Esquire, Deputy Public Defender, represented the defendant through the

pretrial stage, and Robert Long, Esquire, Conflicts Counsel, represented the defendant from trial through direct appeal.

On April 11, 2018, the defendant filed a *pro se* petition pursuant to the Post-Conviction Relief Act (PCRA), and I appointed Robert E. Sletvold, Esquire, to represent the defendant. In an amended petition filed by counsel, the defendant alleges Attorney Marciano was ineffective for (1) failing to challenge the traffic stop of the defendant's vehicle and (2) failing to challenge the validity and veracity of the arrest warrant. He alleges Attorney Long was ineffective for (1) failing to challenge the credibility and motive of the victim, Ann Staton; (2) stipulating to over 300 irrelevant and prejudicial exhibits; (3) failing to obtain exculpatory evidence from the prosecution; (4) failing to properly challenge on appeal the issue regarding the search of the defendant's cell phone; and (5) failing to appeal the denial of a pretrial Motion In Limine regarding the defendant's prior bad acts.[1] A hearing was held on December 7, 2018, at which time the defendant, Attorney Marciano, and Attorney Long testified. Following the hearing, I took the petition under advisement and this opinion follows.[2]

## Discussion

Generally speaking, trial counsel is presumed effective and the burden to prove otherwise rests with the defendant. *Commonwealth v. McNeil*, 487 A.2d 802 (Pa. 1985). To establish a claim of ineffective assistance, a defendant must prove that (1) the underlying claim is of arguable merit; (2) there was no reasonable basis for counsel's action or inaction; and (3) the defendant suffered actual prejudice as a result.

---

[1] The defendant initially claimed Attorney Long was ineffective for failing to object to evidence of the defendant's prior bad acts, but changed his challenge during the course of the PCRA hearing.
[2] On December 28, 2018, I issued an order directing the parties to submit briefs or memorandums of law. The Commonwealth filed a brief on February 8, 2019. To date, the defendant has not submitted a brief or memorandum of law.

2

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Id.*

An attorney cannot be held ineffective for failing to raise an issue which lacks merit. *Commonwealth v. Koehler*, 36 A.3d 121, 140 (Pa. 2012). In determining reasonableness, the court cannot engage in a hindsight evaluation of counsel's performance to find other alternatives that were more reasonable. *Commonwealth v. Peterkin*, 513 A.2d 373, 381-382 (Pa. 1986). Rather, the test is whether counsel's decision had any reasonable basis. *Id.* Finally, actual prejudice is defined as a showing that but for counsel's action, there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Ellis*, 662 A.2d 1043, 1047 (Pa. 1995).

### 1. Pretrial Motions – Attorney Marciano

Attorney Marciano filed pretrial motions on behalf of the defendant, including a petition for writ of habeas corpus; a motion to suppress the inventory search of the defendant's vehicle; a motion to suppress statements made by the defendant; a motion to suppress the February 4, 2013, search warrant for the defendant's car; and a motion to suppress the search warrants for the defendant's cell phone, laptop, and camera. The defendant now alleges Attorney Marciano was ineffective for failing to challenge the initial stop of the defendant's vehicle and the February 1, 2013, arrest warrant, which was a partial basis for the vehicle stop.

Attorney Marciano testified she did not challenge the arrest warrant because she did not see any basis for doing so. I agree. At trial, the defendant made much of the fact that the incident date was listed as February 1, 2013, on the warrant despite the

3

fact that everyone agreed nothing occurred on that date. However, police witnesses testified that the date was entered in error as the report was filed on February 1, 2013, for an incident that occurred on January 31, 2013.[3] A technical defect in a warrant does not render a warrant invalid absence a showing of prejudice. *Commonwealth v. Benson*, 10 A.3d 1268 (Pa.Super. 2010). The defendant has made no such showing especially considering the affidavit of probable cause lists the correct incident date of January 31, 2013, and contains enough additional facts within the four corners to provide the issuing authority with a substantial basis for a finding of probable cause. *Commonwealth v. Cramutola*, 676 A.2d 1214 (Pa.Super. 1996) (reviewing court does not conduct *de novo* review of probable cause determination, but rather is limited to determining whether there was a substantial basis for the issuing authority's finding of probable cause).

Regarding the stop of the defendant's vehicle, Attorney Marciano believed there were plenty of facts, including the warrant, to justify pulling the defendant over. Ann reported to police that the defendant was following her despite an active PFA; the defendant repeatedly text Ann in violation of the PFA; Sergeant Hoats corroborated Ann's report by observing the defendant following Ann on the morning the defendant was pulled over; and, while following the defendant, Sergeant Hoats observed him fail to signal. Attorney Marciano provided a reasonable basis for her decisions on the pretrial motions, and I will not find her ineffective for failing to raise additional issues.

### 2. *Credibility and Motive of Ann Staton's Testimony – Attorney Long*

This is the only issue the defendant testified to at his PCRA hearing. The defendant stated Ann was having an affair with Dillon Ciaz, an ex-employee of the

---

[3] Notes of Testimony ("N.T."), Trial Volume I, 2/21/15. P.p. 149-150; N.T., Trial Volume III, 2/23/15, pp. 73-83

4

defendant's seafood business. He stated he told Attorney Long prior to trial about an affair, and then learned the identity of Mr. Ciaz during trial. The defendant did not provide any other evidence of an affair.

Attorney Long testified that the defendant advised him prior to trial that Ann was having an affair, but provided a different name than Mr. Ciaz. The defendant told Attorney Long that Ann was having an affair with Timothy Hoats, the affiant in this case. The only evidence the defendant provided to Attorney Long was that he observed Sergeant Hoats touch Ann's arm following one of the court proceedings in this matter. Attorney Long did not have reason to believe there was an affair and testified that even if he did, it would have no bearing on the charges the defendant was facing. I agree with Attorney Long. Based on the evidence, there does not appear to be any merit to the defendant's allegation. More importantly, assuming Ann had an affair, the defendant has not demonstrated that the outcome of his trial would have been different but for Attorney Long's decision not to question Ann about it.

### 3. Admission of Exhibits – Attorney Long

The defendant next claims Attorney Long was ineffective for stipulating to the admission of over 300 exhibits that were irrelevant and prejudicial. Attorney Long clarified that he did not stipulate to the admission of any exhibits, but agreed he did not object to their admission. It was the defendant's contention that he did not know the gun was in his car,[4] and Attorney Long believed that allowing all the exhibits in would show that there were so many random, innocuous items in the defendant's trunk that it was possible the defendant did not know about the gun. Attorney Long stated he wanted the

---

[4] N.T., Trial Volume IV, 2/24/15, p. 129

jury to see all the "messy" stuff.[5] I find this to be a reasonable trial strategy and will not find Attorney Long ineffective.

### 4. Exculpatory Evidence – Attorney Long

The defendant next claims Attorney Long was ineffective for failing to obtain a receipt from Wawa. At trial, the defendant claimed the receipt would have shown where he was prior to being pulled over by the police to counter the allegation that he was following Anne.[6] The defendant believed the police threw out the receipt. Attorney Long could not recall if the defendant told him about the receipt prior to trial, but nonetheless, he did not believe it would have been helpful. I agree. The defendant's trial testimony was that he went to Wawa around 4:00 a.m.,[7] which was over an hour before he was pulled over. The receipt would not have disproved the allegation that he was following Ann over an hour later. Additionally, the defendant never raised an alibi defense alleging he was somewhere else when Sergeant Hoats reported seeing him following Ann. The defendant has failed to establish he was prejudiced by Attorney Long's failure to obtain the receipt.

### 5. Search of Cell Phone – Attorney Long

The defendant next claims Attorney Long did not sufficiently challenge the search of his cell phone on appeal. Specifically, Attorney Long challenged the scope of the search warrant on appeal, and argued it was overbroad in permitting retrieval of data other than text messages, emails, or phone calls. Attorney Long did not specify what other data, if any, was retrieved.

---

[5] N.T., PCRA Hearing, 12/7/18, p. 32
[6] N.T., 2/24/15, p. 163.
[7] N.T., 2/24/15, p. 233.

6

As part of his argument, the defendant references the Superior Court's Memorandum Opinion of October 26, 2015, wherein the Court indicated Attorney Long's argument on this issue was underdeveloped because he did not specify whether the police retrieved any evidence from the cell phone other than text messages, emails, or phone calls. Attorney Long testified at the PCRA hearing that he filed the appeal and while working on his brief, he realized there was no additional information retrieved from the cell phone, so he believed there was nothing more to specify. Since no other evidence was retrieved from the cell phone, Attorney Long's "underdeveloped" argument would not have changed the outcome of the Superior Court's decision. As such, the defendant has not established prejudice, and this claim must fail.

### 6. Motion in Limine – Attorney Long

Finally, the defendant alleges Attorney Long was ineffective for failing to appeal the denial of his pretrial motion in limine, wherein he sought to preclude the Commonwealth from introducing evidence of a PFA and of a non-consensual sexual encounter between the defendant and Ann that occurred on Christmas Day 2011.

Attorney Long testified he did not appeal the decision on the motion in limine because after researching the issue, he believed that the prior bad acts were properly admitted into evidence to establish the course of conduct necessary for a charge of stalking. I find the evidence was properly admitted, so the underlying claim does not have arguable merit and Attorney Long presented a reasonable basis for not appealing it. See *Commonwealth v. Urrutia*, 653 A.2d 706 (Pa.Super. 1995).

## Conclusion

Based on the foregoing, the defendant is not entitled to relief and his PCRA petition must be denied.

March 22, 2019

James T. Anthony, Judge

8